PETER FLORA, Appellant, *v.* PETER CARBEAU, Jr., Respondent.

*Trespass—User of Way—License—Parol Evidence of Title.*

A license to travel over the land is revocable at the pleasure of the owner of the land.

Although twenty years' user of a way over another's land may raise a presumption of right or of adverse claim, yet when it appears that the use began in mere license or indulgence, this presumption ceases, and the continued use, though for more than twenty years, will not prejudice the title of the owner.

When evidence bearing upon a material question in the cause is received on the trial in favor of the party against whom judgment is rendered, though it is in its nature incompetent, and is objected to, it must stand as evidence in the cause for all the purposes of a review of the case on his appeal from the judgment. The Court cannot, on appeal, disregard it. Non constat but if it had been excluded, other and competent evidence to the same facts might have been given.

The action was brought originally in a Justice's Court by the Plaintiff, for damages for the cutting down and removing his fence. The answer of the Defendant creating an issue which involved the title to real estate, the action was removed to the Supreme Court. The defence was a justification as the servant of the Defendant's father, who had, as it was alleged, a right of way across the Plaintiff's land, at the place where the Plaintiff had built the fence.

The action was tried before a referee, who found that the land of the Plaintiff was wild land until about twelve years before the alleged trespass; that a road from the land now of the Defendant's father was cut and used across the land now of the Plaintiff more than twenty years before the fence was built; that it had been used by the father of the Defendant and his family, on foot and with teams, more than twenty years before any fence was built across the road; that the Defendant and his neighbors worked on the road from year to year; and that no public road

touched the lot of the Defendant's father, nor any private road but the one in question.

On the trial the Defendant testified in his own behalf, and on cross-examination stated that the farm of the Plaintiff was " on the Van Rensselaer tract or gore;" that " that part of the gore through which the road passed was woods and unoccupied as a farm until . . . . . twelve or thirteen years ago; " and that he understood that Mr. Van Rensselaer was the owner of the land as long ago as he could remember. His counsel objected to this testimony, elicited by the Plaintiff's counsel on cross-examination of the Defendant, but the objection was overruled. He further testified: " I heard him " (his father) " say he had permission from Mr. Van Rensselaer or his agent to travel across this land."

Other facts are adverted to in the opinions, which it is not necessary to state.

The referee held, " that the Defendant had acquired a right of way across the Plaintiff's lot "—thus sustaining the alleged justification of the Defendant in removing the fence built by the Plaintiff across the road in question, and ordered judgment for the Defendant.

The judgment was affirmed in the Supreme Court in the Fourth District, and the Plaintiff appealed to this Court.

*Myers & Magone* for Appellant.

*Morris & Vary* for Respondent.

WOODRUFF, J.—The referee states, as a conclusion of law, " that the Defendant had acquired a right of private way across the Plaintiff's lot ; " and the conclusion followed, that he was justified in the act complained of as a trespass. By this was meant that the father of the Defendant, under whose authority and as whose servant he justified, had such right of way.

The referee finds a use of this way by the Defendant's father for more than twenty years. He does not find how the use began, or whether there was a grant thereof to him, or to any one under whom he claims, nor whether the use was adverse, nor whether it was under claim of right.

He does find that the lot of the Plaintiff was wild land when the road was opened, and some twelve or fourteen years ago the lot of the Plaintiff began to be cultivated.

It is not competent for the Respondent to insist, on this appeal, that the evidence offered to show that the land of the Plaintiff, over which the right of way is claimed by the father of the Defendant, belonged to Van Rensselaer when the use of the way began, was inadmissible.

It was received, and being received, the Plaintiff had a right to rely upon it. If testimony tending to establish a material fact, although incompetent in its nature, is received without objection, or if, as in this case, being objected to, it is received, notwithstanding the objection, the party has a right to insist upon the facts shown thereby; and it will not be just to say, on appeal, that such evidence ought not to have been received, and may therefore be now disregarded. Such a view of the subject would be manifestly unjust.

First. It would mislead and entrap the party to his prejudice.

Second. If the Court, on the trial, excluded the evidence, he could have his exception, and bring the correctness of the ruling under review; and

Third. Which is most of all important: If the evidence had been rejected, he would have had the opportunity to supply the defect by other proof.

Nothing is more common than for testimony to be given, which is not in its nature strictly competent, upon matters about which both parties are conscious that there is no dispute—matters which both understand to be true. And such evidence is taken because the adverse party makes no question of the fact it tends to establish.

He can never be permitted to say, on appeal, that the fact was not proved, because the evidence offered and received was not competent testimony, and ought to have been objected to, and rejected; and if objected to, and the objection is overruled, the ruling, for all the purposes of a review of the case by the party giving the evidence, must be taken to be correct.

In this case the land in question is declared by the Defendant himself to be " on the Van Rensselaer tract or gore; " that it " was woods and unoccupied as a farm until . . . twelve or thirteen years ago; "—and that he understood Mr. Van Rensselaer was the owner of the land as long ago as he (I) can remember.

Observe, this is the Defendant himself—the alleged trespasser. This evidence is of the same character as that by what the title of the farm of the Defendant's father was mainly proved.

The witness calls it " my father's lot," " father's farm," etc.

The Defendant objected to the above evidence in regard to Van Rensselaer's title, " as incompetent to prove, by parol, or hearsay, title to land in Van Rensselaer," and the objection was overruled —probably on the ground that it was, in substance, an admission by the Defendant himself that Van Rensselaer owned the lands.

But whether it was competent on this ground, or on any other, or was incompetent, it was ruled competent evidence to show such title, and had it been rejected, the Plaintiff would, at least, have had the opportunity to establish the fact by other evidence.

Then followed the testimony to the declarations of the Defendant's father, the claimant of the right, and as whose servant the Defendant justifies, viz.: that " he had permission from Mr. Van Rensselaer, or his agent, to travel over this land."

As to this testimony, whether competent or not, the same observations are pertinent. It was offered, in terms, to establish that the use was by license, and not adverse to the owner. It was objected to and received, possibly upon the ground that the declaration of the master, under whose then present alleged title and authority the servant justifies, is evidence; or, possibly, upon the ground that if A instructs his servant to drive his team across B's land, declaring to him that he has a license from B to travel over it, and the servant justifies, alleging title in A, and authority from A for the trespass, the admission of A is competent as a part of the res gesta; it shows under what claim of right the authority to the servant was given by the master, and received and acted upon by the servant.

But, as before, whether competent or not, it was received, and the Defendant is entitled to the benefit of it.

The case stands thus upon the evidence : Van Rensselaer owned the locus in quo ; it was wild land, uncultivated. He gave to the Defendant's father permission to travel over it, and he did so, constructing, and, from time to time, repairing the road, for more than twenty years.

Then the owner builds a fence across, and obstructs the road, practically and effectually revoking the license, if it be deemed a license merely.

It is suggested that if it be assumed that the use originated in a " permission to travel over the land, that is not necessarily a mere license." I do not perceive the force of the suggestion. It is certainly an admission that but by permission of Van Rensselaer he would not be at liberty to travel over it. It assigns that permission as the reason for doing so. It not only does not assert a right adverse to Van Rensselaer, but the contrary, by the clearest implication. It asserts no right, or claim of right, save only a permissive one.

If he had used the word " license " itself, his language would have been no more clear in its natural, or in its legal import—for license is permission, and nothing else.

Besides, the referee does not find that the use of the way has been adverse, or under claim of right, or with the knowledge or acquiescence of the owner. (See Colvin *v.* Burnet, 17 Wend. 564, 568 ; Sargent *v* Ballard, 9 Pick. 255 ; Parker *v.* Foote, 19 Wend. 313, and cases cited.)

If it be here conceded that twenty years' use of a way over lands situated as these were, would, as matter of evidence, raise a sufficient presumption that the party claimed the right, that the use was adverse, and that the owner knew and acquiesced, still the moment it appeared that the use began in mere license or indulgence, there was an end to all presumption. Thus BRONSON, J., in Parker *v.* Foote, says, to authorize the presumption of grant, " the enjoyment of the easement must not only be uninterrupted for the period of twenty years, but it must be adverse, *not by*

*leave or favor*, but under a claim or assertion of right, and it must be with the knowledge and acquiescence of the owner."

How do the terms, "*by leave or favor*," differ from "*by permission?*" So Chief-Justice PARKER, in Gayetty *v.* Bethune (14 Mass. 53), says, it "must be adverse, or of a nature to indicate that it is claimed as a right, and not the effect of indulgence, or of any compact short of a grant."

And in White *v.* Spencer (14 N. Y. 249), DENIO, Ch.J., says of the possession and enjoyment of an easement, "if it were by license, no length of enjoyment would prejudice the title of the proprietor."

And in Colvin *v.* Burnet, COWEN, J., says, with singular aptness to the condition of wild lands, "non constat that the whole may not have been as lessee or by comity until the owner shall reach the time when, for purposes which remained suspended, *on account of the mere convenience of his neighbor*, he comes in for the enjoyment of his conceded rights."

For these reasons I think the judgment should be reversed, and a new trial granted, with costs to abide the event.

It is proper to add, on the question raised by the Respondent, whether this Court has jurisdiction of an action originally commenced in a Justice's Court, that after the decisions reported in 6 How. 320, and 7 How. 402 and 404, the Code was amended in 1857, and there is now no doubt that the Court has jurisdiction, where the action before the Justice is discontinued because a plea of title to land is interposed.

All reverse, except BACON, CLERKE, and MILLER, JJ.

BACON, J. (dissenting.)—The Plaintiff, Flora, sued Carbeau in Justice's Court for trespass, in crossing his farm and cutting down a fence. Carbeau plead title, and the action was carried into the Supreme Court, under the statute. The pleadings are the same as in the Justice's Court.

The action in the Supreme Court was referred to Hon. John Fine, sole referee, and was tried before him at Ogdensburgh, July 31, 1861.

The referee found for Defendant, to which findings of fact and of law the Plaintiff duly excepted, and from the judgment entered on the finding of the referee appealed to the General Term for the Fourth District, on a case and exceptions.

The General Term affirmed the judgment, and from the judg-ment entered therein the Plaintiff appealed to this Court.

The material facts found by the referee are as follows:

That Plaintiff, in May, 1861, occupied the Hawley farm, on the gore.

That Defendant has three times removed one of Plaintiff's fences or bars, and the damage was agreed upon at one dollar.

That the fence removed stood on a track or road which ran through the lot of the Plaintiff.

That this road was cut and used twenty years and more before any fence was built across the road. The Defendant and his neighbors have worked on it from year to year.

That a few years ago the fence in question was built, which ob-structed the road, and for the removal of which this action was brought.

That Defendant has occupied, for nearly thirty years, a forty-acre lot next to, and adjoining the lot of the Plaintiff, on the east.

That the road in question runs from Defendant's house across Plaintiff's lot to a sand-pit, which is on the west line of Plain-tiff's lot.

That no public road touches Defendant's lot, nor private, ex-cept the one in question.

That the road from Defendant's house to the sand-pit had been used by the Defendant and his family, a-foot and with teams, more than twenty years before any fence was built across the road.

That the part of the road from the Defendant's house to the sand-pit has not been materially altered since it was first opened.

That all of the lot of the Plaintiff was wild land when the road was first opened, and began to be cultivated twelve years ago.

Upon these facts the referee found, as conclusions of law: 1. That the Defendant had acquired a right of way across the Plain-

tiff's lot; 2. That it was not necessary that the party claiming the right should claim it under a grant. If the land was used by permission of the Plaintiff or his grantors, it is a fact to be proved by the Plaintiff.

There is another finding of law touching the alteration of the route of the road, on which no point was made in the Court below, or by counsel on this appeal, and it is therefore immaterial to state it.  •

The proof, in regard to which there was really no controversy, is ample to show that the father of the Defendant, under whom he justified the acts of trespass complained of, had a road leading from his house to the main river road, across the land of the Plaintiff, and which he and his family had used, both a-foot and with teams, for more than twenty years; that it had, from year to year, been repaired by the Defendant's father and his neighbors, and that it was the only road leading from his farm to the public highway. This use had been uninterrupted for more than twenty years, and was not questioned until the acts of the Plaintiff, in erecting and endeavoring to maintain the fence which obstructed the right of way.

This proof justifies the finding of the referee, that the Defendant had acquired a right of way across the Plaintiff's lot, and is entirely within the principles decided in the case of Miller *v.* Garlock (8 Barb. 153). All that is necessary to establish the right is, that the use should be continuous, uninterrupted, exclusive —that is, under a claim of right, with the knowledge and acquiescence of the owner.

The counsel for the Appellant insists that the referee should have found, in so many words, that there was an uninterrupted adverse use for twenty years.

But to this the reply is, that the uninterrupted use and enjoyment of a right of private way over the land of another becomes an adverse enjoyment, and is sufficient to raise a presumption of a grant.

The use of an estate for twenty years, unexplained, will be presumed to be under a claim or assertion of right, and adverse, and

not by the leave or favor of the owner. . See case. cited (supra), and Gayetty v. Bethune (14 Mass. 53).

· · It is claimed by the Appellant that the legal conclusion of the referee, that it is not necessary that the party claiming. the right of way should claim it under a grant, was erroneous.

Taken as an abstract proposition, this is undoubtedly an error; but it is quite clear, I think, that what the referee intended to say was, that it was not necessary for the Defendant to prove a grant, by the production of a conveyance or paper title.

His conclusion obviously was, that the right might be claimed and maintained by prescription, without otherwise having a grant, since the doctrine of prescription is founded on the presumption of a grant, and obviates the necessity of actual proof of it.

This prescriptive right is clearly and necessarily the ground of his judgment; and the finding, on this proposition, is not in conflict with his general conclusion, that the Defendant had acquired, by means of the uses, which he had fully set forth in his findings of fact, the right of way which constituted the defence of the Defendant's acts.

There was no sufficient proof of a license to Defendant to pass over this land from any party that had ever owned the land. All there was in the proof on this subject was drawn out on the cross-examination of the Defendant, who, it will be remembered, is the son of the party who claimed the easement, and is merely to the effect that the Plaintiff occupied, etc., land in the Van Rensselaer tract or gore, and he understood Van Rensselaer owned the land, and had heard his father say he had permission from Van Rensselaer, or his agent, to travel on this land.

. I concur in the opinion of the Court below, that this proof was not sufficient to show a license.

It should have been proved that Van Rensselaer was the owner, and the nature of the license—how far it existed, what kind of travel was permitted, and under what qualifications or restrictions.

The proof was of the loosest possible description, and upon it the referee could, in my opinion, hardly have been warranted in

finding a license, revocable in its nature, and actually revoked by the building of the fence.

The referee was not requested, so far as appears by the case, to find any such fact, nor is his failure to find it made the ground of any exception on the part of the Plaintiff.

I think the judgment should be affirmed.

Reversed.

<div align="right">

JOEL TIFFANY,

State Reporter.