In the Matter of the Application of the Roman Catholic Society of the Towns of Newport and Schuyler, for an Order Directing and Confirming a Sale of its Real Estate.

(General Term, Fourth Department, February, 1871.)

The testator devised an undivided third of his lands, to be held upon certain specified trusts, to an unincorporated society, which, having been incorporated after his decease, and authorized to take by devise made voluntary partition with the heirs-at-law, entered upon its third, and continued to occupy, claiming the sole and exclusive ownership, and without conforming with any of the provisions of the trust for twenty years. — Held, that the corporation held and was entitled to dispose of the property as owner of the fee, and not subject to the trusts specified in the will, notwithstanding it entered claiming under the will.

The facts are sufficiently stated in the opinion.

Present — Mullin, P. J., and Johnson and Talcott, JJ.

By the Court — Johnson, J. This is an appeal from an order of the County Court of Herkimer county, authorizing and confirming a sale of certain real estate owned and held

by the society above named, made by a majority of the trustees of said society, and authorizing the proceeds of such sale to be used in purchasing a pastoral residence for such society. The order seems a reasonable and proper one, and should, we think, be affirmed, unless it is made to appear that it is contrary to law.

Five of the eight trustees of the society have signed the contract of sale, and also the petition to the court; and the sale and appropriation of the proceeds, as ordered, appear to be desired by the nearly unanimous voice of the members of the congregation. Three of the trustees contest and appeal from the order. It is insisted, on the part of the contestants, that the disposition of this real estate, as authorized by the order of the County Court, will be unlawful, and in derogation of the will of Patrick Martin, under which the society holds and claims title, and in violation of the trusts created by said will.

Patrick Martin, by his last will and testament, devised one-third of his real estate " to the Roman Catholic Society in said town of Newport," and directed his executor to keep the same at rent and on interest in good hands, and, whenever said society should be formed and trustees appointed, to pay the same to them, to be used and appropriated for the erection of a house for divine worship, to be built on a lot this day deeded by him to said society, or for educating poor children of said society, as the judgment of said trustees should direct. The Roman Catholic Society of the town of Newport was not then incorporated, nor was any such society as that described in the will ever incorporated, so far as appears. The society in question was incorporated some time after the death of Patrick Martin.

There is no devise to the Roman Catholic Society of Newport and Schuyler, and that incorporation was never authorized to take under the will, even had the will been valid. But the will was invalid.

The devise was to an unincorporated society, upon certain specified trusts, and there being no devisee, or trustee capable

of taking, it was entirely void, and the estate attempted to be devised, immediately upon the death of the devisor, descended to his heirs-at-law, and vested in them. (*Owens* v. *The Missionary Society of the M. E. Church*, 14 N. Y., 380; *Leonard* v. *Burr*, 18 id., 96; *Downing* v. *Marshall*, 23 id., 366.)

When this society was incorporated, so as to be capable of taking, had the devise been to it, the real estate in question was in the heirs-at-law of Patrick Martin. They were then seized of an estate of inheritance, freed from any trust whatever. I do not perceive that it is of any importance here that this incorporation went into possession, claiming under the will. The taking possession and occupying under that claim could not create a trust, and fasten it upon the property, which had no existence before. The heirs-at-law of Patrick Martin were the only persons who could object to the occupancy or the claim, and they made no objection, and make none to the disposition now sought to be made. Whatever this corporation did with the land, or its proceeds, it was accountable to no one other than Patrick Martin's heirs.

Patrick Martin died in 1834. In the same year, after his death, this society was duly incorporated. In the year 1836, the real estate devised was, by voluntary partition, divided and partitioned between the two brothers of Patrick Martin, to whom the other two-thirds had been devised, and the society in question. Since that time this corporation has had the sole and exclusive possession, use and control of the one-third so partitioned and set off to it, to the complete exclusion of all other persons whatsoever. It has claimed to be sole and exclusive owner, and has managed the property as it has seen fit, and used the rents and profits, not according to the directions of the will, but quite otherwise. The funds have not been devoted either to the building of a house for divine worship or for the education of the poor children of the society mentioned in the will. This being the case, I do not see why the corporation has not acquired, by prescription, a complete and perfect title to this land, independent of any trust whatever. Its possession has been open, uninterrupted, and

adverse to all the world, for a period of thirty-four years. (*Flora* v. *Carbean*, 38 N. Y., 111; *Parker* v. *Foote*, 19 Wend., 309.)

This raises the presumption of right by valid grant. A corporation may acquire title by adverse possession, the same as an individual. (*Humbert* v. *Trinity Church*, 24 Wend., 587; *Bogardus* v. *Trinity Church*, 4 Sandf. Ch., 633; *Robie* v. *Sedgwick*, 35 Barb., 319.)

We think there is no subsisting trust to prevent the making and execution of the order in question.

The order must, therefore, be affirmed, with costs of appeal to be paid by appellants.

Order affirmed.