## SMITH v. KIRTLAND et ux.

(Supreme Court, Appellate Division, Third Department. November 15, 1899.)

TRANSACTION BETWEEN HUSBAND AND WIFE—ACTION TO SET ASIDE—EVIDENCE —REFERENCE—FAILURE TO CONSIDER EVIDENCE.

    In an action to set aside as fraudulent a sale by a husband to his wife, heard before a referee, it was improper for him to refuse to consider, as against the wife, in making his decision, the facts shown by declarations and testimony of the husband in supplementary proceedings introduced in evidence, though improperly in the case under objection and exception.

Appeal from judgment on report of referee.

Action by George A. Smith, as receiver of the property of Elvin W. Kirtland, against Elvin W. and Georgia A. Kirtland. From a judgment entered on the report of a referee, dismissing the complaint, with costs, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

T. B. & L. M. Merchant, for appellant.
W. B. Matterson, for respondents.

PARKER, P. J.   The action is brought to set aside as fraudulent the sale of certain property by the defendant Elvin W. Kirtland to his wife, the defendant Georgia A. Kirtland.   For evidence of the fraud the plaintiff upon the trial seems to have relied entirely upon the statements of the husband made while under examination in supplementary proceedings.   The evidence so given by him was upon the trial of this action first offered by the plaintiff as against the defendant Elvin W. Kirtland, and received by the referee.   After being read in evidence, it was specifically offered as evidence against the defendant Georgia A. Kirtland, and received by the referee, under her objection and exception.   The plaintiff thereupon rested his case. After moving for a nonsuit as to each of the defendants separately, which was denied by the referee, the defendants rested, without giving any evidence.   The referee subsequently rendered a decision dismissing the complaint as against both defendants, and from the judgment entered thereon this appeal is taken.

In his fifth finding of fact the referee holds that there was no proof against the defendant Georgia A. Kirtland concerning the property and sale which is the subject of this action; and it is apparent that, although he admitted in evidence against the wife the declarations and testimony of the husband given in the supplementary proceedings as proof of the facts therein stated, yet he refused to consider them in making his decision.   Although it was clearly error to receive such evidence as against the wife, nevertheless, having so received it, it was error for the referee to refuse to consider it.   Although improperly in the case under objection and exception, the plaintiff had the right to suppose it would be considered as evidence properly there, and to act upon that supposition. He had the right to insist that the referee consider, as against the wife, the facts appearing from such evidence; and upon this appeal we are not at liberty to disregard them.   This proposition is squarely held in Flora v. Carbean, 38 N. Y. 111, 113, and the reasons therefor are there fully and clearly stated.   See, also, such case approved in Crane v. Powell, 139 N. Y. 384, 34 N. E. 911.   Considering such evidence in the case as against the wife, we cannot say what the decision of the referee would have been.   It is not clear that he would have, under such circumstances, dismissed the complaint, nor that he should have so determined, and therefore a new trial must be granted.

Judgment reversed, referee discharged, and new trial granted; costs to abide the event.   All concur.