(47 App. Div. 169.)

HARRIS et al. v. EGGLESTON et al.

(Supreme Court, Appellate Division, Third Department. January 8, 1900.)

1. SECONDARY EVIDENCE.

    Where a bill of sale is not introduced, but parol evidence thereof is admitted without objection, the party introducing it is entitled to the benefit thereof.

2. DIRECTING NONSUIT.

    Plaintiffs testified that their debtor conveyed certain property to defendants by bill of sale, and that defendants agreed to sell the same, and pay the proceeds to plaintiffs to apply on their debt, and alleged that such bill of sale was given for that purpose, and not to indemnify defendants for guarantying future sales made to such debtor. Plaintiffs testified that, after execution of such bill of sale, one of the defendants stated to plaintiffs that there was enough property to pay the debt, and offered to turn it over. *Held* sufficient to justify the jury in finding that the property was held by defendants, not simply to protect themselves from loss, but in order to pay the claim of plaintiffs, and entry of a nonsuit was error.

Appeal from trial term, Washington county.

Action by George D. Harris and another against David D. Eggleston and another, impleaded with Gustavus W. Edwards. From a judgment for the plaintiffs entered on a directed verdict, they appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, KELLOGG, and MERWIN, JJ.

Bailey & Dugan, for appellants.

John L. Henning and John J. Healey, for respondents.

MERWIN, J. In 1897 the plaintiffs were wholesale dealers in coal, and at different times, from and including June 30th to October 20th of that year, they sold and delivered to the defendant Edwards coal to the amount of $3,069.98. On the 15th September, 1897, there remained unpaid, of the price of the coal sold and delivered before that date, the sum of $877.09. On the 15th September, 1897, the defendants Clapp and Eggleston executed and delivered tŏ the plaintiffs a bond or undertaking, in and by which, after a recital that Edwards desired from time to time to purchase coal of the plaintiffs, upon credit, and that they were unwilling to give the desired credit without security, the defendants Clapp and Eggleston, in consideration that the plaintiffs would sell to Edwards from time to time such quantities of coal upon such terms as may be by them agreed upon, promised and agreed with the plaintiffs that, in case Edwards should fail to pay for the coal at the times agreed upon, they jointly and severally agreed to pay the plaintiffs for the same, and agreed to be primarily liable, so that the plaintiffs would not be compelled to first proceed against Edwards. After the execution of this undertaking, and on or prior to October 20, 1897, the plaintiffs sold and delivered to Edwards coal to the amount of $780.58, upon which Clapp and Eggleston paid, on October 28, 1897, the sum of $100, and on November 4, 1897, the sum of $200, leaving a balance of $480.58. This amount, together with the balance of $877.09, above referred to, making a total of $1,357.67, was the amount unpaid at the time of the trial. In the complaint there are three counts. The first two seem to be on the theory that the defendants Clapp and Eggleston are, under their undertaking, liable to the plaintiffs, not only for the balance on the sales after the execution of the bond, but also for the balance on the sales before. The trial court, however, held to the contrary, and the plaintiffs here do not press the point. In the third count of the complaint it is alleged that on or about the 20th October, 1897, the defendant Edwards executed and delivered to Clapp and Eggleston a bill of sale, which was in fact a chattel mortgage, of certain personal property of the value of about $2,000, to secure them from liability and loss by reason of the execution of the undertaking above referred to, and also to secure the payment to the plaintiffs of the amount then due the plaintiffs for coal sold to Edwards, and that Clapp and Eggleston promised and agreed with Edwards to pay plaintiffs the amount of their debt against Edwards out of the proceeds of the sale of the property covered by the bill of sale or mortgage, provided the proceeds were sufficient for that purpose; that Clapp and Eggleston had realized from the property more than sufficient to pay the plaintiffs' claim, but upon demand refused to pay the plaintiffs. The defendants Clapp and Eggleston in their answers admit that on or about October 23, 1897, Edwards gave them a bill or bills of sale of certain property as collateral security to indemnify them against liability on their undertaking, but deny the other allegations. Upon the trial the defendants Clapp and Eggleston admitted their liability for the balance unpaid on the sales after the execution of the bond. Upon the part of the plaintiffs evidence was given

which, as the plaintiffs claim, tended to show that on or about October 23, 1897, Edwards transferred to Clapp and Eggleston a large amount of personal property to indemnify them, and upon their agreement to pay the proceeds upon the debt due plaintiffs from Edwards, and that they realized from such property about $1,300. At the close of the evidence on the part of the plaintiffs, the court, on the application of the defendants, directed a verdict in favor of plaintiffs for $480.58, and interest from October 20, 1897; thereby, in effect, granting a nonsuit as to the balance of plaintiffs' claim, and holding that the plaintiffs upon their third cause of action had not made a case sufficient to go to the jury. The plaintiffs excepted, and asked to go to the jury on the question whether at the occasion in October there was an agreement between Edwards and the defendants Clapp and Eggleston for the benefit of plaintiffs. This was denied, and plaintiffs excepted.

The question, then, is whether the court erred in granting a nonsuit as to the third count, and in refusing the plaintiffs' request to go to the jury. The bill or bills of sale executed by Edwards to Clapp and Eggleston were not put in evidence. It is not suggested that they were signed by Clapp and Eggleston. There is no doubt that if Clapp and Eggleston, in consideration of the transfer to them by Edwards, agreed to apply the proceeds on Edwards' debt to the plaintiffs, the plaintiffs can enforce the agreement. It may be, as claimed by the respondents, that, if the bills of sale completely express the agreement between them and Edwards, the plaintiffs may be concluded by the writing, as their rights arise by reason of the relation between them and Edwards. That, however, is not the question now before us.

Assuming that the writings were the best evidence, still if, without objection, other evidence was received tending to establish the agreement as plaintiffs claim it, the plaintiffs would have the right to the benefit of such evidence. Flora v. Carbean, 38 N. Y. 111; Smith v. Kirtland, 44 App. Div. ——, 60 N. Y. Supp. 812. In the Flora Case it was held that "where testimony, tending to establish a material fact, although incompetent in its nature, is received without objection, or, being objected to, is received notwithstanding the objection, the party has a right to insist upon the facts shown thereby." In the Smith Case the same rule was applied in giving effect to declarations of one of two defendants admitted, though improperly, as against both.

Mr. Edwards testified that, a day or two after the bill of sale was executed, he and Mr. Eggleston saw the plaintiff Harris. As to this interview, Mr. Harris testified, without objection, among other things, as follows:

"It was stated there by Mr. Eggleston and by Mr. Edwards, both, that this property was turned over to Eggleston and Clapp for the purpose of paying us, and it was said there was enough there sufficient to pay us the amount of our claim at that time, which was about $1,300. Edwards said he would turn this property over to us if we would prefer, and we declined to do it,—declined to accept it. We did not desire to go into the retail business. Mr. Eggleston offered to turn over the property."

From this evidence the jury had a right to infer that the property was held by Clapp and Eggleston, not simply to protect themselves from loss, but for the benefit of the plaintiffs to the extent of paying their claim in full, if the proceeds were sufficient for that purpose, and that there was an understanding to that effect between Edwards and Clapp and Eggleston. A promise by the latter to carry such understanding into effect might be inferred. In this view of the case, the nonsuit as to the third cause of action should not have been granted. A case was made sufficient to present a question of fact for the jury to pass upon.

Judgment reversed, and new trial granted, costs to abide the event. All concur.