EWALD v. POATES.

(Supreme Court, Appellate Division, Second Department. July 27, 1905.)

TRIAL—ADMISSION OF EVIDENCE OVER OBJECTION—RIGHT TO DISREGARD IT.
     A court receiving evidence as competent and relevant in support of the
     cause of action or defense, notwithstanding the objections of the adverse
     party, cannot, in determining the cause, disregard it on the theory that
     it was not admissible under the pleading; the party offering it having
     the right to amend, and thus obviate the objection.

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Frederick W. Ewald against Leonard L. Poates. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, RICH, and MILLER, JJ.

Albert Falck, for appellant.
Earl A. Bowman, for respondent.

WILLARD BARTLETT, J. Five causes of action are set out in the complaint. The first three are based upon promissory notes aggregating $271. The other two are immaterial upon this appeal. The answer, so far as it is important to the present discussion, pleaded an accord and satisfaction, and set up a counterclaim. Judgment was rendered in favor of the plaintiff on the first three causes of action, and the defendant's counterclaim was dismissed.

Assuming that it was admissible under the answer, the court below, against the objection of the plaintiff, received evidence tending to show that upon a settlement between the parties the defendant had been credited with $280 less than was due him from the plaintiff. When the case was submitted for decision, counsel for the defendant had the right to suppose, and doubtless did suppose, that this testimony would be considered by the court in determining the issue. It seems, however, that it was wholly disregarded, as appears from the opinion filed by the Municipal Court justice upon the rendition of the judgment. In this opinion he declares that under the answer, which he did not examine until after the trial, he was clearly in error in receiving in evidence the checks of the defendant showing the omission of the plaintiff to credit him with the sum of $280 already mentioned, and he goes on to say:

"Had the true and proper defense upon the facts been pleaded, I should feel constrained, from the testimony, to deduct from the amount of the plaintiff's various causes of action the total of the other seven checks (Defendant's Exhibit C), $280, for it quite clearly appears that this amount was on the settlement had by the parties erroneously omitted to be credited defendant; but it seems to me, under the pleadings, I am bound to ignore this fact, notwithstanding it results in a miscarriage of justice."

A judgment thus characterized as a miscarriage of justice by the judicial officer who renders it cannot be permitted to stand. A party litigant who has offered evidence in support of his cause of action or defense, which has been received by the court as competent and relevant, especially after the question of its admissibility has

been brought directly to the attention of the judge by the objection of opposing counsel, has a legal right to have that evidence considered by the judge in arriving at a just and fair determination of the issues. It may be that a party who is successful in a lawsuit has no substantial cause for complaint, growing out of the fact that the judge, in his consideration of the testimony, concludes to disregard a part of the evidence offered by the successful party because on reflection he deems it to have been erroneously received. In such a case to ignore the objectionable evidence does not affect or alter the result. It is a very different thing, however, to throw out of consideration a batch of evidence introduced by one party, and entitling him to judgment in his favor, and, having done this without notice, to decide the issues in favor of his opponent. This procedure is not warranted by law, and must destroy a judgment based upon it. In effect, it amounts to a ruling excluding evidence made after the submission of the cause, and without notice to the party against whom the ruling is made, and as to whose cause of action or defense the change is fatal. If the court had excluded the defendant's evidence in question on the trial upon the ground that it was not admissible under the pleading, the defendant would have had the right to move for an amendment of his answer, and thus obviate the objection; but of this opportunity he is wholly deprived by his want of knowledge that the evidence has finally been deemed objectionable until he learns of that fact simultaneously with the announcement that the case has been decided against him.

For these reasons, I advise a reversal of this judgment.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.