# SCHWEIGERT-EWALD LUMBER COMPANY, Appellant, v. OTTO BAUMAN, Respondent.

### (172 N. W. 808.)

**Pleading — bankruptcy as a defense — order of discharge prima facie defense — burden of proof.**

1. Where a person who has received a discharge in bankruptcy is sued on a debt which existed at the time of the filing of the petition, the introduction of the order of discharge makes out a prima facie defense, the burden being then cast upon the plaintiff to show that, because of the nature of the claim, failure to give notice, or other statutory reason, the debt sued on was by law excepted from the operation of the discharge.

**Pleading — proof of proceedings in bankruptcy — question of authentication.**

2. A general objection to a certified copy of a discharge in bankruptcy, followed by a specific objection that it has not been shown that a petition in bankruptcy was filed, does not raise the point that the document is not properly or sufficiently authenticated.

**Evidence — motion for directed verdict — duty of court to consider certain evidence.**

3. Where documentary evidence tending to establish a discharge in bankruptcy has been admitted over objection and is permitted to remain as evidence in the case; and the defendant, acting on the supposition that such documents will be considered as evidence, properly there moves for a directed verdict, thereby consenting to a discharge of the jury and a trial of all questions by the court, the court may not in determining the action refuse to consider such documentary evidence, even though it was improperly admitted.

Opinion filed April 25, 1919.

Appeal from Mercer County, *Burr,* Special Judge. Plaintiff appeals from an order granting a new trial.

Affirmed.

*S. P. Halpern,* for appellant.

"Copies of judicial proceedings of a Federal court are inadmissible in evidence unless certified in accordance with the provisions of § 905, U. S. Rev. Stat." (Ala.) 44 So. 101; 33 Com. 419; 22 Mich. 275, (Tex.) 137 S. W. 1161; note in 5 L.R.A.(N.S.) 938; (La.) 35 So. 296; 10 Smedes & M. 298; 127 Tenn. 32; 13 Pa. 197; 4 Pa. 393;

Grant v. Levan, 4 Pa. 393; N. D. Comp. Laws, § 7911; Hamon v. Foust (Tenn.) 150 S. W. 418.

"The discharge in bankruptcy is not evidence on the question whether or not a particular claim is within the exempted classes." Re Marshall Paper Co. 43 C. C. A. 38, 4 Am. Bankr. Rep. 468, 102 Fed. 872; Bankruptcy Law, § 21 subd. F; Currier v. King, 81 Vt. 285, 69 Atl. 873; Balk v. Harris, 130 N. C. 381, 41 S. E. 940; Johnson v. Waxelbaum Co. 1 Ga. App. 511, 58 S. E. 56; Bennett v. Lewis, 23 Ky. L. Rep. 2037, 66 S. W. 523; Biela v. Urbanczyk, 38 Tex. Civ. App. 213, 85 S. W. 451. But compare B. E. Roden Grocery Co. v. Leslie, 169 Ala. 579, 53 So. 815; Morrison v. Woolson, 23 N. H. 11; Harrington v. McNaughton, 20 Vt. 293; Kellogg v. Kimbell, 138 Mass. 441; Cooper Grocery Co. v. Blume (Tex. Civ. App.) 156 S. W. 1157; Cogburn v. Spence, 15 Ala. 549, 50 Am. Dec. 140; Stewart v. Hargrove, 23 Ala. 429; Brereton v. Hull, 1 Denio, 75. Compare Shelton v. Pease, 10 Mo. 473; Re Peterson, 121 N. Y. Supp. 738; Re Peterson, 118 N. Y. Supp. 1077; Von Norman v. Young (Ill.) 81 N. E. 1060; Alling v. Straka, 118 Ill. App. 184; Weidenfield v. Tillinghast, 54 Misc. 90, 104 N. Y. Supp. 712; Graber v. Gault, 103 App. Div. 511, 93 N. Y. Supp. 76; Bailey v. Gleason, 76 Vt. 115, 56 Atl. 537; Fields v. Rust, 36 Tex. Civ. App. 350, 82 S. W. 331; Baker v. Hughes (Ga.) 63 S. E. 587, 166 N. Y. Supp. 110; Gregory v. Edgerly (Neb.) 22 N. W. 703, 9 N. J. Eq. 566; Bogart v. Cowboy State Bank & T. Co. (Tex.) 182 S. W. 678; Parker v. Murphy, 215 Mass. 72; Wineman v. Fisher (Mich.) 98 N. W. 404.

*H. L. Berry,* for respondent.

"The burden is upon the judgment creditor to show that his claim is not included in the general discharge in bankruptcy, but is one of the exceptions to the discharge." Re Peterson, 118 N. Y. Supp. 1077; Lafoon v. Kerner (N.C.) 50 S. E. 654; Gatliff v. Mackey, 104 S. W. 379; Van Norman v. Young (Ill.) 81 N. E. 1060; Culver v. Torrey, 69 N. Y. Supp. 919; Mayer v. Bartels, 107 N. Y. Supp. 778; Alling v. Strake, 118 Ill. App. 184; Stevens v. King, 44 N. Y. Supp. 893; Broadway Trust Co. v. Vanheim, 95 N. Y. Supp. 93.

A compared copy of a writing is evidence of the same degree as a certified copy. 4 Enc. Ev. p. 827, and notes 61 and 62; State v. Lynde, 1 Atl. 687; Best Evi. 486; United States v. Johns, 4 Dall. 412; White-

house v. Blackford, 29 N. H. 471; Spaulding v. Vincent, 24 Vt. 501; Harvey v. Cummings, 5 S. W. 513; 1 Greenl. Ev. 485, 508; 1 Whart. Ev. 94; Hill v. Packard, 5 Wend. 387; Lynde v. Judd, 3 Day, 499; 5 L.R.A.(N.S.) 943; 3 Horwitz's Jones, Ev. § 533.

CHRISTIANSON, Ch. J. This is an action upon a promissory note. The defendant in his answer pleaded a discharge in bankruptcy. The case was tried to a jury upon the issue thus framed. The plaintiff introduced in evidence a copy of the discharge in bankruptcy certified to by the clerk of the United States district court, and a certificate from the clerk of said bankruptcy court, in form as prescribed by § 7711, Comp. Laws 1913, stating that notice of the hearing of defendant's application for a discharge in bankruptcy had been duly mailed to the Schweigert-Ewald Lumber Company. When these documents were offered in evidence the plaintiff interposed the following objection: "Plaintiff objects on the ground that no proper foundation is laid. This purports to be a discharge and there is no proof of the filing of any petition." The objection was overruled and the documents received in evidence. The defendant was thereupon called as a witness. He testified that he was the person named in the documents; whereupon defendant rested. The plaintiff then moved for a directed verdict. The court intimated that as the proof then stood the motion ought to be granted, as defendant had not shown that the debt involved in this action had been scheduled in the bankruptcy proceeding. The case was reopened and defendant offered in evidence what purported to be a copy of the schedule filed in the bankruptcy proceeding. As a foundation for the introduction of the purported schedule, defendant's attorney testified that he was the attorney for the defendant in the bankruptcy proceeding; that he personally prepared the schedule in bankruptcy in quadruplicate; and that the schedule offered in evidence was one of the four so prepared and was identical with the ones filed in the bankruptcy court. Plaintiff objected to the admission of the schedule in evidence on the ground that it was not the best evidence. The objection was overruled and the schedule admitted. Thereupon defendant rested. The plaintiff then called its bookkeeper Schwenk. He testified that it was his custom to make a notation upon the books of the company when he received notice that any customer of the company had

been adjudged a bankrupt; that he had no recollection of having received notice of the bankruptcy proceeding of the defendant, and that no notation had been made upon the books of the plaintiff company showing the receipt of such notice. Schwenk admitted, however, that notices relating to bankruptcy proceedings did not always pass through his hands, and that he did not always make the notations, although he generally received the notices and made the notations. He further admitted that he had heard that defendant was going through bankruptcy, but could not say when it was he heard this.

At the conclusion of the trial both parties moved for directed verdicts. The trial court made findings of fact and conclusions of law in favor of the plaintiff. In a memorandum decision, the trial court held that the defendant had failed to prove that the debt involved in this action was properly scheduled. In arriving at this conclusion the court held that the copy of the schedule which had been received in evidence was in fact inadmissible; and that if such schedule was eliminated there was no evidence tending to prove that the debt involved had been scheduled in the bankruptcy proceeding.

The defendant moved for a new trial on the grounds, among others, that the evidence was insufficient to justify the decision, and that the decision was against law. The motion was granted, and plaintiff has appealed.

We have already referred to the memorandum decision filed by the court in rendering judgment for the plaintiff. Upon the motion for a new trial the trial judge also prepared and filed a written opinion, wherein he said, in part: "Of course, such discharge in bankruptcy does not release the bankrupt from liability on debts which were not 'duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt.' But who must show the debt was not scheduled? This court held that this burden was on the defendant. I still believe this ruling is correct. The defendant claims the discharge in bankruptcy is, of itself, sufficient proof of the scheduling of the debt in order to meet this burden of proof. Upon consideration I believe this to be correct. The certified copy is evidence of 'the regularity of the proceedings,' and scheduling of the debts is, of necessity, one of the essential proceedings. The defendant therefore has prima facie shown the scheduling of the debt, and if the plaintiff

wishes to escape the effect of this certified copy of the order, so far as it bears upon the scheduling of the debt, it must show the debt was not scheduled, and if the plaintiff shows the debt was not scheduled, then it would be necessary for the defendant to furnish proof in support of the exception in subdivision 3 of § 17 of the Bankruptcy Law that the creditor had notice, or actual knowledge, of the proceedings."

Appellant earnestly contends that the trial court's views as expressed in the memorandum first filed were correct, and that the views expressed in the memorandum opinion filed with the order granting a new trial are erroneous.  While there has been some conflict in the authorities, the question is no longer an open one since the decision of the United States Supreme Court in Kreitlein v. Ferger, 238 U. S. 21, 59 L. ed. 1184, 35 Sup. Ct. Rep. 685.  For in that case the court held that "where the bankrupt is sued on a  debt existing at the time of filing the petition, the introduction of the order makes out a prima facie defense, the burden being then cast upon the plaintiff to show that, because of the nature of the claim, failure to give notice, or other statutory reason, the debt sued on was by law excepted from the operation of the discharge."  In discussing the purport and meaning of § 21f of the Bankruptcy Act, and the probative effect of an order of discharge, the court said:  "Under the provisions of § 30 of the Bankruptcy Act [30 Stat. at L. 554, chap. 541, Comp. Stat. § 9614, 1 Fed. Stat. Anno. 2d ed. p. 852] this court has prescribed the form [59] of the 'order of discharge,' which, among other things, contains a recital that the bankrupt has been discharged from all provable debts existing at the date of the filing of the petition, 'excepting such as are by law excepted from the operation of a discharge in bankruptcy.'  Section 21f further declares that a certified copy of such order 'shall be evidence o fthe jurisdiction of the court, the regularity of the proceedings, and of the fact that the order was made.'  This provision of § 21f was made in contemplation of the fact that the bankrupt might thereafter be sued on debts existing at the date of the filing of the petition in bankruptcy; and was intended to relieve him of the necessity of introducing a copy of the entire proceedings, so that he might obtain the benefit of his discharge by the mere production of a certified copy of the order."  See also Brandenburg, Bankruptcy, 4th ed. § 1576.

Plaintiff, however, contends that the order of discharge was not prop-

erly authenticated. It is undisputed that the order was attested by the clerk and the seal of the United States district court, but it is contended that there also should have been a certificate of the judge of said court to the effect that the attestation was in due form. It is unnecessary to determine whether the point is well taken. For no objection was made to the document on the ground of defective authentication. We have already noted the objection made, *viz.,* that no proper foundation had been laid, in this, that it had not been shown that a petition in bankruptcy had been filed. This objection was obviated by the express provision of § 21f of the Bankruptcy Act, which has been quoted above. It will be noticed that the objection makes no reference to defective authentication. "A general objection to documentary evidence does not raise the point that it is not properly or sufficiently authenticated." 9 Enc. Ev. 86. An objection will not be extended to points not coming within its terms. And where a general objection is made, followed by a particular specification of the grounds of the objection, it will be confined to the grounds specified. "A party on appeal cannot urge objections or grounds of objection not stated in the court below." 9 Enc. Ev. 100-102.

The order granting a new trial should be affirmed for another reason. It has already been mentioned that the trial court admitted in evidence, over objection, the order of discharge, the certificate of mailing of notices of hearing of the application for discharge, and a purported schedule in bankruptcy. This evidence was not stricken out. When defendant made his motion for a directed verdict these documents were part of the evidence, and he had the right to suppose they would be considered as evidence properly there and act upon that supposition. Smith v. Kirtland, 45 App. Div. 25, 60 N. Y. Supp. 812; Flora v. Carbean, 38 N. Y. 111; Kelley Lumber Co. v. Otselic Valley R. Co. 136 App. Div. 146, 120 N. Y. Supp. 415. If these documents were improperly received in evidence, that might constitute a ground for a new trial, but would hardly justify the court in disregarding them in determining the action. "Such a view of the subject," said the New York court of appeals (Flora v. Carbean, 38 N. Y. 111), "would be manifestly unjust. First, it would mislead and entrap the party to his prejudice. Second, if the court, upon the trial excluded the evidence, he could have his exception and bring the correctness of the ruling

·under review. And, third, which is most of all important, if the evidence had been rejected, he would have had the opportunity to supply the defect by other proof." .

It follows from what has been said that the order appealed from must be affirmed. It is so ordered.