BRYANT v. TURNER et ux.

(Supreme Court, Appellate Division, Third Department.   December 31, 1901.)

1. PLEADING—CAUSES OF ACTION—IMPROPER JOINDER—DEMURRER.

In an action against a husband and wife, the complaint sought the reformation and specific performance of a contract for the conveyance of land, and also contained a statement of facts constituting several distinct causes of action on contract against the husband alone, not connected with the land contract, on each of which a distinct sum of money was alleged to be due, and prayed an accounting of all said matters between the parties.   *Held* error to overrule a demurrer on the ground that different causes of action were improperly joined, though plaintiff might possibly need the independent demands against the husband to meet a deficiency in sawing a certain number of feet of lumber, as provided in the land contract, there being no agreement that such demands might be so used.

2. SAME—DISPOSITION ON APPEAL—DIVISION.

Where, in an action against a husband and wife, it is adjudged on appeal that a cause of action for the reformation and specific performance of a land contract was improperly joined with several causes of action for money against the husband only, an order may be entered dividing the action into two, one in equity for the reformation and performance of the land contract, and the other against the husband alone, in which the several causes of action against him are to be joined in one complaint, separately stated and numbered.

Appeal from special term.

Action by Edwin R. Bryant against Charles H. Turner and wife. From a judgment overruling a demurrer to the complaint, defendants appeal.   Reversed.

Argued before PARKER, P. J., and EDWARDS, SMITH, and CHASE, JJ.

Fred'k G. Paddock, for appellants.
Charles A. Burke, for respondent.

PARKER, P. J.   Appeal from an interlocutory judgment, overruling a demurrer to the complaint in an action against Charles H. Turner and wife.   The complaint is too long to reproduce here, or even to give a condensed statement of it; but it is sufficient to say that I analyze it as follows:   It first seeks to reform the written contract of August 20, 1897, to conform to the real contract between the parties thereto, and when so reformed to compel a specific performance of the same.   It further contains a statement of facts constituting several distinct causes of action upon contract, against the husband alone, upon each of which a distinct sum of money is alleged to be due and unpaid, and all of which might be joined in one complaint.   Neither of such contracts has any connection whatever with the written contract of August 20th.   I can find no averment which connects either with such contract.   Each seems to be based upon a separate and distinct agreement of its own, creating a separate and distinct obligation against the defendant Charles H. Turner.   These causes of action, however, are not separately stated or numbered; and statements of facts necessary to sustain the action for a specific performance are scattered through the whole complaint.   There is no demand for a judgment that the plaintiff

recover the several amounts averred to be due upon each of such demands, but the prayer is for a reformation and specific performance of the written contract, and for an accounting and settlement of all "said matters" between the parties. Yet there is nowhere an averment that the plaintiff is indebted in any way to the defendant, or that there was any mutual and unsettled account between them. It is difficult to tell just how to construe such a pleading, but I am quite sure that it should be construed strictly against the pleader. The complaint is demurred to on several grounds: First. That different causes of action are improperly joined. We must either construe the complaint as setting forth but one cause of action, viz. the one in equity first above stated, and strike out as surplusage all the averments constituting the independent obligations against Charles H. Turner, which are contained in the 13th paragraph of the complaint, or else this ground of demurrer is well taken. Such averments are utterly immaterial to the cause of action based upon the written contract. Evidently they cannot be considered as surplusage, and thus ignored; hence we must, although they are very imperfect in form, consider them as distinct causes of action, and treat them as such. There are, then, eight of such actions upon contract, upon each of which a separate money judgment may be recovered. Each is a common-law action, in which either party is entitled to a trial by jury, and in neither of which is the defendant's wife at all interested. The other action is one in equity, triable by the court without a jury, and in which the wife is a necessary party in order to reach her contingent right of dower in the real estate of which the plaintiff demands a conveyance under the terms of the said written contract. I am of the opinion that the demurrer upon this ground should have been sustained. The demurrer is also upon the further ground, in substance, that the facts set forth as the ground for reforming the written contract do not constitute sufficient grounds to warrant that relief. I am inclined to think that a very careful and thorough search through the pleading will discover that sufficient facts are averred to sustain that claim. Moreover, the gist of that cause of action is for a specific performance of the contract; and, if the plaintiff should fail to establish a right to its reformation, he would yet have stated facts sufficient to sustain that. The demurrer on this ground is not well taken. Another ground of demurrer is that the pleading does not state facts sufficient to constitute a cause of action for an accounting. That is true, except so far as may be necessary to determine the question whether the plaintiff is entitled to the relief which he asks under the written contract of August 20th, and as may be incidental to that contract. The plaintiff seems to have proceeded upon the theory that he might include in this action the several independent demands against the defendant, because he might possibly need them to meet a deficiency at the rate of $2.50 per thousand, in sawing 6,000,000 feet of lumber, as provided in the written contract. Evidently, in the absence of any arrangement with the defendant to that effect, such a necessity would furnish no ground for such a joinder.

I conclude that the interlocutory judgment appealed from must be reversed, with costs to appellants of this appeal and in the court below. An order may also be entered dividing this action into two actions: The one to recover in equity for the reformation and performance of the written contract, as above stated; and in this action will properly be included the claim against the defendant Charles H. Turner for the insurance money averred in the 15th paragraph of said complaint to have been received by him to plaintiff's use, under the terms of the contract. The other action to be prosecuted against the defendant Charles H. Turner alone, to recover upon all the other several causes of action contained in said complaint; such causes to be joined in one complaint, and separately stated and numbered. The plaintiff may have 20 days from the service of a copy of such order upon him in which to sever this action and to serve the amended complaint therein, upon condition that he pay to the defendants' attorney the costs above allowed within 20 days after a taxed bill thereof is served upon him. All concur.