BRYANT v. TURNER et ux.   (Action No. 1.)

(Supreme Court, Appellate Division, Third Department.   May 22, 1908.)

1. APPEAL—REVIEW—QUESTIONS OF FACT—FINDINGS OF REFEREE.

A referee who saw and heard the witnesses is better able to determine the controverted facts than is a court of review.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3996–4018.]

2. SAME—HARMLESS ERROR—PREJUDICE TO RIGHTS OF PARTY AS GROUND OF REVIEW.

Where, after an order, on appeal, requiring that an action to reform a contract and for specific performance and for an amount claimed to be due on various other transactions between the parties be severed and proceed as two distinct actions, one to reform the contract and for specific performance, and the other for the amount claimed to be due on various other transactions between the parties, the referee to whom both actions were referred struck a general balance of all transactions between the parties, and directed that plaintiff might have specific · performance on payment of the amount of such general balance, such practice was in disregard of the order that the two actions should be tried separately and in effect substantially reconsolidated them, and was error of which plaintiff could complain, though the amount he was adjudged to pay to procure specific performance was less than it should have been, as the award to him, in the action for specific performance of that which he was only entitled to be awarded in the other action, might embarrass and prejudice him in the other action, and might possibly defeat the same.

3. SAME—DETERMINATION AND DISPOSITION OF CAUSE—DIRECTING JUDGMENT IN LOWER COURT.

Where the facts are fully found by the referee and error committed is merely in legal deductions therefrom, the court on appeal, without granting a new trial, may direct the judgment which the referee should have directed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4507–4512.]

4. JUDGMENT—CONCLUSIVENESS—MATTERS CONCLUDED.

The amount of deficiency in the guaranteed number of feet of timber on land being necessarily involved in an action for specific performance of a contract guaranteeing the number of feet of timber, and providing that on the manufacture of the same into lumber, in case of a deficiency, when such deficiency should have been made up, the other party would convey certain premises, such action constitutes a conclusive adjudication between the parties as to the amount of such deficiency, entitling the other party, on proof of the tender of a deed, to recover the amount of such deficiency as determined in the action for specific performance without other proof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1248–1253.]

Appeal from Judgment on Report of Referee.

Action by Edwin R. Bryant against Charles H. Turner and wife for the reformation of a contract and specific performance. From a judgment granting specific performance on payment of a sum specified and awarding defendants costs, plaintiff appeals. Reversed, and judgment directed.

See 113 App. Div. 894, 99 N. Y. Supp. 1135.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Charles A. Burke, for appellant.
Frederick G. Paddock, for respondents.

COCHRANE, J. This is an action in equity for the reformation and performance of a written contract of August 20, 1897, referred to in the opinion in action No. 2, between the plaintiff and the defendant Charles H. Turner, and herewith decided. 110 N. Y. Supp. 594. Reference to such opinion is made for a more complete statement of the facts. The order of the Appellate Division made in the case, as reported in 67 App. Div. 625, 73 N. Y. Supp. 783, is made a part of the record in both cases, so that the two cases, although distinct and separate, are identical so far as their history is concerned up to the time when said order was made.

The referee found as a fact in this case that there was a deficiency in the quantity of spruce and pine lumber guaranteed by the plaintiff under the contract of August 20, 1897, of 1,120,087 feet less than the 6,000,000 feet so guaranteed. It is urged that the evidence does not justify the conclusion of the referee that there was such deficiency. It appears that plaintiff had another contract with the defendant Charles H. Turner for sawing lumber, and the work under the two contracts was proceeding simultaneously. The evidence is convincing that the lumber sawed under both contracts was mingled at the mill of plaintiff. In view of such intermingling, defendants were permitted to make estimates of the lumber from the tract in question based on the quantity cut by the choppers, and the application of some rule prevalent among lumbermen for estimating the number of feet of lumber which a certain quantity of logs will produce. Assuming that there had been an intermingling of lumber at the mill, I do not see how there was any better way, or, indeed, any other way to arrive at the exact quantity of lumber under the contract in question. The referee was not bound to accept the plaintiff's uncorroborated statement as to the amount of the lumber, but was at liberty to take into consideration the best evidence which under the circumstances the defendants were able to submit. It is said that defendant Charles H. Turner was responsible for the intermingling of the lumber at the mill because his superintendent, Praire, was in charge under a provision in the contract that the work should be done under and by direction of the said defendant. Praire was called as a witness by plaintiff, and the latter is therefore hardly in a position to question his credibility. And Praire testified, not only to the fact of such intermingling, but also that he repeatedly instructed the plaintiff and also the plaintiff's foreman that the lumber should be kept separate; and, although Praire may have been vested with au-

thority to close the mill if the work was not being properly done, I scarcely think plaintiff can complain because such authority was not exercised. No one knew better than he that, if the lumber was mixed, the said defendant would be deprived of the means of determining with precision and definiteness how much was produced under the contract in question. In any event, there was certainly a question of fact as to the quantity thus produced, and it is impossible to say that the conclusion of the referee as to such quantity does not rest on sufficient evidence. He saw and heard the witnesses, and on this as on all other branches of the case was better able to determine the controverted facts than is a court of review.

According to the contract of August 20, 1897, plaintiff was at liberty to make up the deficiency in the spruce and pine lumber at the rate of $2.50 per 1,000 feet, which for 1,120,087 feet would amount to $2,-800.22, and, on paying this amount, plaintiff would be entitled to a deed of the "sawmill site" by the defendants, and the referee should have so held. It appears from the report of the referee, however, that he combined this amount with the amount due to the plaintiff in action No. 2, and that he struck a general balance of all transactions between the parties, and directed that plaintiff might have a specific performance, not on the payment of said sum of $2,800.22, but on the payment of $2,186.16, the amount of such general balance. By adopting this practice, the referee disregarded the order of this court that the two actions should be tried separately, and the effect of such practice has been to substantially reconsolidate the two actions and nullify said order. At a cursory glance it might seem that this irregularity benefited plaintiff and could not be corrected on his appeal. On reflection, however, it is apparent that plaintiff may have been prejudiced by such irregular practice. The order of this court granted at the instance of defendants required the litigation to be severed and to proceed in two separate and distinct actions, and it is now the right of the plaintiff, as well as of the defendants, by virtue of said order, to have the litigation thus proceed. It is apparent that the practice of the referee in awarding to the plaintiff herein that which he was only at liberty to award him in action No. 2 might have had the effect of embarrassing and prejudicing the plaintiff in that action, and possibly of defeating such action. A recovery herein for what was properly involved in action No. 2 might have operated as a defense to that action, and hence plaintiff had a grievance herein notwithstanding that the amount he was adjudged to pay in order to procure a specific performance was less than it should have been, which grievance on his appeal should be redressed. As stated in action No. 2, and for the same reasons, the proper judgment may now be directed by this court on the facts as found by the referee without the necessity of a new trial. It may not be amiss to say for the guidance of the parties that in the taxation of costs which will follow as the result of our determination in both cases such disbursements as were common to the two actions in the trial before the referee should be apportioned equally to such actions.

We do not award the defendant Charles H. Turner an affirmative judgment for the deficiency under the contract amounting to $2,800.22, because, as stated in action No. 2, he is not entitled to the same until a

tender of the deed, of which there is no proof. But the amount of such deficiency of $2,800.22 being necessarily involved herein for the purpose of affording plaintiff the right to a specific performance, this action constitutes a conclusive adjudication between the parties as to such amount, and it is probable that defendant Charles H. Turner, on proof of the tender of a proper deed, would be entitled to sue for and recover in another action the amount of such deficiency as herein determined without making other or further proof thereof.

The judgment should be reversed, and judgment is hereby directed to be entered on the referee's report that the defendants recover of the plaintiff costs to be taxed exclusive of costs of this appeal, and that on payment by the plaintiff of such costs and the further sum of $2,800.-22, with interest as fixed by the referee within 30 days after service of a copy of such judgment, the defendants deliver to the plaintiff a proper deed of the premises in question. No costs of this appeal are awarded. All concur.