BRYANT v. TURNER. (Action No. 2.)

(Supreme Court, Appellate Division, Third Department. May 22, 1908.)

1. Logs and Logging—Contracts—Construction—Conditions Precedent.
   Under a contract whereby one party guaranteed that there were a certain number of feet of timber on land and to make up any deficiency, and whereby the other party agreed that when such number of feet should have been manufactured into lumber, and in case of deficiency, when such deficiency should have been made up, to convey to the former by warranty deed premises described, a tender of a deed of the premises was a condition precedent to the right of such party to recover for a deficiency.

2. Appeal—Determination of Cause—Directing Judgment in Lower Court.
   Where the facts are fully found by the referee and error committed consists merely in the legal deductions therefrom, the reviewing court may without granting a new trial direct the judgment which the referee should have directed.

Appeal from Judgment on Report of Referee.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Charles A. Burke, for appellant.
Frederick G. Paddock, for respondent.

COCHRANE, J. On August 20, 1897, the parties hereto made a written contract, whereby the plaintiff agreed to saw and load upon cars the spruce and pine timber which was to be taken by the defendant from lands mentioned in said contract to a mill then in the possession of plaintiff, for which services plaintiff was to be paid by the defendant $2 per 1,000 feet of lumber. By said contract the plaintiff guaranteed that there were 6,000,000 feet of said spruce and pine on said land in merchantable logs for lumber from logs not less than 8 inches at the top end, and that he would make up any deficiency in said 6,000,000 feet. The defendant further agreed that, whenever said 6,000,000 feet should have been manufactured into lumber, and in case of deficiency, when such deficiency should have been duly made up by plaintiff by payment of $2.50 per 1,000 feet or from other logs which could be delivered at said mill at the same average expense as the logs from the land in question, that he would convey to the plaintiff by warranty deed certain premises described as "the sawmill site" containing 5.67 acres of land, on which the said mill in possession of the plaintiff as aforesaid was situated. Plaintiff brought an action to reform said contract, and to compel the specific performance by the defendant of his agreement to convey to the plaintiff said "sawmill site," making the defendant and his wife, who had an alleged inchoate dower interest therein, defendants in such action. The parties had various other transactions, and plaintiff sought in such action the amount claimed to be due to him by reason thereof. A demurrer to the complaint on the ground that causes of action were

improperly united was sustained by this court, which further ordered that the action be divided into two actions, one in equity for the reformation and performance of the written contract above alluded to, and the other to be prosecuted against the defendant Charles H. Turner alone to recover upon all the other several causes of action contained in the said complaint. 67 App. Div. 625, 73 N. Y. Supp. 783. The action was thereupon severed, and amended complaints in compliance with the order of this court were served the equity action, being designated as action No. 1, and the present action involving the other matters being designated as action No. 2. Both actions were referred to the same referee, the order of reference providing that the referee might take the testimony of any witness in either or both of said actions before said witness was excused. The actions were practically tried together, and at the close of the case all the evidence received was made evidence in both cases.

The referee has found herein that there was a deficiency in the quantity of spruce and pine lumber guaranteed by the plaintiff of 1,-120,087 feet less than the 6,000,000 feet so guaranteed, and has charged the plaintiff herein with such deficiency at the rate of $2.50 per 1,000 feet, according to the provisions of the contract, amounting to $2,800.22. Including this latter amount, the plaintiff is charged by the referee with $25,478.34, and the defendant is charged with $23,-679.88, leaving due to the defendant from the plaintiff $1,798.36, which, with interest, amounts to $2,122.06, for which the referee directed judgment in favor of the defendant and against the plaintiff. In thus charging the plaintiff herein with $2,800.22 for the deficiency in the quantity of lumber the referee was in error. A tender by the defendant of a deed of the "sawmill site" was a condition precedent to the right of the defendant to recover such deficiency. He could not retain title to such realty and at the same time recover of the plaintiff that which under the terms of the contract entitled the plaintiff to such deed. Defendant should have alleged and proved a tender of the deed. Ewing v. Wightman, 167 N. Y. 107, 60 N. E. 322, and cases there cited. As there was no such allegation or proof, the referee was not at liberty to award the defendant said amount of $2,800.22 for such deficiency. According to the facts as found by the referee in his report, there was due to the plaintiff $1,001.87 independently of such deficiency. As the facts are fully found by the referee and the error consists merely in the legal deductions therefrom, we are at liberty without granting a new trial to direct the judgment which the referee should have directed on the facts as found by himself. Moore v. Mutual Reserve Fund Life Association, 121 App. Div. 335, 106 N. Y. Supp. 255; Sayre v. State of New York, 123 N. Y. 291, 25 N. E. 163. Such practice is particularly desirable in these two cases between these parties, for the reason that the trials were lengthy, complicated, and involved, and the best interests of the parties will be subserved by terminating the litigation, and our desire to accomplish such a result is intensified in these particular cases by the additional reason that numerous exhibits submitted with the cases have been destroyed in a public conflagration, and new trials would result

in much embarrassment to the parties and perhaps in a failure of justice.

Hence we conclude that the judgment herein should be reversed, and judgment is hereby directed to be entered on the referee's report in favor of the plaintiff and against the defendant for $1,001.87, besides interest as fixed by said report, and costs to be taxed, including costs of this appeal. All concur.

---

BRYANT v. TURNER et ux. (Action No. 1.)

(Supreme Court, Appellate Division, Third Department. May 22, 1908.)

1. APPEAL—REVIEW—QUESTIONS OF FACT—FINDINGS OF REFEREE.

A referee who saw and heard the witnesses is better able to determine the controverted facts than is a court of review.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3996–4018.]

2. SAME—HARMLESS ERROR—PREJUDICE TO RIGHTS OF PARTY AS GROUND OF REVIEW.

3. SAME—DETERMINATION AND DISPOSITION OF CAUSE—DIRECTING JUDGMENT IN LOWER COURT.

Where the facts are fully found by the referee and error committed is merely in legal deductions therefrom, the court on appeal, without granting a new trial, may direct the judgment which the referee should have directed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4507–4512.]

4. JUDGMENT—CONCLUSIVENESS—MATTERS CONCLUDED.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1248–1253.]