JAMES H. BRADY, Respondent, *v.* CHRISTOPHER NALLY, Appellant.

1. APPEAL — DEFECTS AVOIDABLE AT TRIAL. Defects, which, if pointed out during the trial, might have been obviated or avoided, are not available on appeal.

2. ALLEGATION AND PROOF — VARIANCE — OBJECTION FIRST RAISED ON APPEAL. When evidence of items beyond the claim alleged in a pleading has been received on the trial, without objection or motion to strike out on the ground of variance, and it appears that if objection had been made at the trial it might have been avoided by the allowance of an amendment, the court of review should, on the objection being raised for the first time on appeal from a judgment including such items, consider the facts as proved, rather than as alleged, and regard the pleading as amended accordingly by implied consent.

3. WRITTEN CONTRACT — ORAL TESTIMONY AS TO AGENCY OF MAKER. Oral testimony, competent to show that the person by whom and in whose name a written parol executory contract was made, was an agent and not a principal, is not open to the objection that it shows a different agreement than that produced in writing.

4. ACCEPTANCE OF INCOMPETENT ORAL TESTIMONY. The parties to an action may, by agreement, express or implied, accept oral testimony instead of the presumption ordinarily arising from written evidence; and they are presumed to have done so, when testimony, otherwise incompetent, is received without objection and without any effort to have it stricken from the minutes, or disregarded by the trial court.

5. WAIVER OF INCOMPETENCE OF ORAL TESTIMONY TO VARY A WRITTEN INSTRUMENT. When a party, by failing to raise the question before the close of the trial, has waived the benefit of the rule that evidence of what was said between the parties to a valid instrument in writing, either prior to or at the time of its execution, cannot be received to contradict or vary its terms, he cannot, after the case has been decided against him, invoke the rule in order to secure a reversal of the judgment.

6. MODIFICATION OF WRITTEN CONTRACT BY ORAL TESTIMONY. The effect of a written instrument, importing an entire contract to furnish labor and materials for a stipulated gross sum, may be modified, and a claim for partial performance of the contract established, by the introduction, not challenged before the close of the trial, of oral testimony of an agreement to pay for the labor and materials in installments and of the value of the labor done and materials furnished.

*Brady* v. *Nally*, 8 Misc. Rep. 9, reversed.

(Argued December 11, 1896; decided December 22, 1896.)

APPEAL from an order of the General Term of the Supe-
rior Court of the city of New York, entered June 25, 1894,
which reversed a judgment in favor of defendant entered
upon the report of a referee and granted a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*J. Newton Fiero* for appellant. The proof having been
received without objection, it is immaterial whether or not it
strictly conformed to the allegations in the answer. The
plaintiff is not in a position to raise the question, having
acquiesced in that method of trial. (*Tisdale* v. *Morgan,* 7
Hun, 583; *Hamilton* v. *Gridley,* 54 Barb. 542; *Gray* v.
*Barton,* 55 N. Y. 72; *Tyng* v. *C. Warehouse Co.,* 58 N. Y.
313; *Hofheimer* v. *Campbell,* 59 N. Y. 272; *Wellington* v.
*Morey,* 90 N. Y. 656; *Knapp* v. *Simon,* 96 N. Y. 291; *Fal-
lon* v. *Lawler,* 102 N. Y. 228; *Romeyn* v. *Sickles,* 108 N.
Y. 653; *Tarbell* v. *R. E. S. Co.,* 110 N. Y. 180; *Frear* v.
*Sweet,* 118 N. Y. 454.) Parol evidence was properly admitted
to show that plaintiff was the real party in interest in the con-
tract for the Ninety-sixth street work. (*Briggs* v. *Partridge,*
64 N. Y. 357; *Higgins* v. *Seinor,* 8 M. & W. 834; *Truman*
v. *Loder,* 11 A. & E. 594; *Dykers* v. *Townsend,* 24 N. Y.
61; *Coleman* v. *F. Nat. Bank,* 53 N. Y. 393; Story on Agency,
148–160; *Hill* v. *Miller,* 76 N. Y. 32; *Putnam* v. *Ramsey,*
7 Wkly. Dig. 530; *Nicoll* v. *Burke,* 78 N. Y. 580; *Lud-
wig* v. *Gillespie,* 105 N. Y. 653; *Considerant* v. *Brisbane,*
22 N. Y. 389; *Schaefer* v. *Henkel,* 75 N. Y. 378.)

*C. N. Bovee, Jr.,* and *J. McG. Goodale* for respondent. The
General Term did not err in finding that there was a fatal
variance as to the counterclaim. (Abbott Brief on Pleadings,
§ 1027; *Wright* v. *Delafield,* 25 N. Y. 266; *Day* v. *Town of
New Lots,* 107 N. Y. 148.) The decision of the General
Term should be affirmed, apart from the question of variance,
because there was no evidence whatever that anything was
due the defendant on the contract. (*Colwell* v. *Lawrence,* 38

N. Y. 73; *Wilson* v. *Deen*, 74 N. Y. 534; *Schmittler* v. *Simon*, 114 N. Y. 183; *Thomas* v. *Scutt*, 127 N. Y. 138.)

VANN, J. The referee, before whom this action was tried, found in favor of the plaintiff upon the claim set forth in the complaint, for labor performed and materials furnished, and allowed him the sum of $3,125 therefor. He found in favor of the defendant upon the third counterclaim set forth in the answer, for labor and materials, and allowed him therefor the sum of $5,139.68, including interest. He directed judgment in favor of the defendant for the difference between these sums, with costs. The plaintiff alone appealed, and the General Term reversed the judgment, upon the ground that " the findings of fact do not sustain the allegations of the answer in respect of the counterclaim."

While it is true that the evidence went far beyond the allegations of the answer, as it was received without any objection based upon that ground, and no motion was made to strike it out as not within the issues, the case comes under the rule that defects, which, if pointed out during the trial, might have been obviated or avoided, are not available on appeal. (*Hofheimer* v. *Campbell*, 59 N. Y. 269–272; *Knapp* v. *Simon*, 96 N. Y. 284–291; *Fallon* v. *Lawler*, 102 N. Y. 228–233; *Wells* v. *World's Dis., etc.*, 120 N. Y. 630; *Gillies* v. *Manhattan Beach Imp. Co.*, 147 N. Y. 420.) If the proper objection had been made upon the trial an amendment of the answer might have been allowed so as to enlarge the issues by embracing the items which the General Term held were not covered by the pleadings. Under the circumstances it was the duty of that learned court to consider the facts as proved, rather than as alleged, and to regard the answer as amended by implied consent so as to justify the admission of the evidence objected to upon appeal for the first time.

It is, however, insisted that the judgment entered on the report of the referee was properly reversed, because there was no competent evidence tending to show that anything was due to the defendant upon the contract established by him.

Upon the trial the defendant testified, without objection, that on the 14th of May, 1888, James Brady, the father of the plaintiff, brought him a paper to sign, saying, "Here is a paper that my boy Jim and I drew up last night, and he wants you to look it over and see what you think about it. Just read it over and see if it suits you;" that after examining the paper he said that it did not specify the time when he was to get his pay, and that James Brady then replied, "That will be all right; James will give you money or I will give you money whenever you want it, and I will pay you in accordance to your work, and he will pay you in accordance to the work you have done and as he gets it from the school board." A day or two later the defendant and James Brady signed the paper, which is as follows:

"This agreement made and entered into this 16th day of May, 1888, by and between James Brady, builder, of the city of New York, of the first part, and Christopher Nally, plumber, of the second part. Whereas, the party of the first part is about to erect a public school building on the southeast corner of Lexington avenue and Ninety-sixth street for the city of New York; and whereas the party of the second part enters into this agreement to do all the plumbing, gas piping, gas fixtures, sewers and excavating for the same, furnish and put in all manner of piping, both iron and lead, that may be required to complete the said school building, including labor, to make a complete finish as laid down by plans and called for by the specifications and to the satisfaction of the superintendent of school buildings in every respect, and for such work, labor and materials the party of the first part agrees to pay the price or sum of eleven thousand dollars ($11,000.00). The party of the second part to pay for all permits and connections, etc., and to proceed with the work whenever it is ready."

After this agreement had been read in evidence, without objection, the defendant offered to show that James Brady was not, in fact, the party of the first part to the contract, but that James H. Brady, the plaintiff, was the real party, and that James Brady was simply his agent. The plaintiff's counsel

objected "to any testimony showing a different agreement than that produced in writing," but the referee overruled the objection and the plaintiff excepted. The defendant then showed that James Brady was merely an agent for his son, the plaintiff, and that, although he executed the contract in his own name as principal, he was really acting only as agent. The plaintiff insists that this was an error that required a reversal, but it is well settled, as was said by Judge ANDREWS in *Briggs* v. *Partridge* (64 N. Y. 357–362), " that a principal may be charged upon a written parol executory contract entered into by an agent in his own name, within his authority, although the name of the principal does not appear in the instrument and was not disclosed, and the party dealing with the agent supposed that he was acting for himself. and this doctrine obtains as well in respect to contracts which are required to be in writing, as those where a writing is not essential to their validity." (See, also, *Coleman* v. *F. Nat. Bank,* 53 N. Y. 393 ; *Nicoll* v. *Burke,* 78 N. Y. 580 ; *Ludwig* v. *Gillespie,* 105 N. Y. 653.)

In order to fully establish his counterclaim, it was necessary for the defendant to show that something was due upon said contract for the partial performance thereof, as he had not fully performed it when this action was brought. As the instrument appeared, upon inspection, to be a complete contract, embracing all the particulars necessary to make a perfect agreement, and designed to express the whole arrangement between the parties, it was presumed to embrace the entire contract, which, on its face, was indivisible as to the time of payment. (*Thomas* v. *Scutt,* 127 N. Y. 133, 138.) Still, the defendant had been permitted to show, without objection, that before this agreement was signed James Brady promised, both for himself and the plaintiff, to pay the defendant according to the amount of work done and as payments were received from the school board. When this evidence was received it had not appeared that there was a written contract, yet no motion was made to strike it out after that contract had been read in evidence. When, however, the defendant attempted

to go a step farther and prove the value of the work done and materials furnished by him in partial performance of the contract, objection was made, but only as mentioned hereafter. The following question was asked by his counsel : " What was the fair and reasonable charge for the labor and material which you had furnished up to that time?" This was objected to on the ground " that there is a specific contract for $11,000," but the objection was overruled, the plaintiff excepted and the defendant answered : " The amount I had done was worth four thousand, four hundred and ninety-six dollars on the school."

Unless the written agreement is to be regarded as modified by the parol agreement previously made as to partial payments, this evidence was improperly received. The question is whether the parol agreement, although proved without objection, can be given any force after the written agreement was put in evidence. No motion was made to strike out the verbal testimony. No challenge was made to the parol evidence except as stated, unless it was after the close of the trial and the decision of the issues by the referee, by an exception to the finding of fact that " the plaintiff agreed to pay the defendant the sum of $11,000 in installments, or sums, proportionate to the work done and materials furnished as aforesaid at the time payments were received from the comptroller of the city." When the plaintiff objected to any testimony showing " a different agreement than that produced in writing," it was to a question that was clearly competent, as we have held, to show that the person, who executed the written agreement in his own name, was an agent and not a principal. That objection should be limited in its effect to the question in respect to which it was interposed and not extended so as to change the position of the plaintiff with reference to other testimony received without objection and allowed to remain unchallenged by a motion to strike out, for, obviously, it was neither designed nor adapted to that end. The same is true of the objection made to the offer to show the value of the labor performed and material furnished in part performance of

the contract, for no reference was made to the parol evidence
that tended to vary the effect of the written agreement, nor
was any claim made that such evidence could not properly be
considered by the referee in deciding the case. The exception
to the finding of fact that payment was to be made in install-
ments, was too late to be effective as notice, either to the
defendant or the referee, that the plaintiff was unwilling that
the parol evidence under consideration should remain in the
case, or that it should be regarded or treated as ineffectual for
any purpose. We think that the plaintiff waived his right to
object to the consideration of that testimony by failing to make
objection when it was received and by neither moving to strike
it out, nor directly challenging its effect in any way. If he
desired the referee to disregard it, it was his duty to say so
before the close of the trial. If he wished to have it out of
the case, he should have made a motion to that effect. He
could not expect the court, of its own motion, to refuse to con-
sider testimony which he did not see fit to object to when it
was received and which he allowed to remain as evidence,
without protest or question. By failing to take the position
during the trial that it was not legal evidence, and, hence, that
it should be disregarded, he impliedly consented that it should
be considered and acted upon by the referee, who, indeed,
had no right to refuse consideration to anything that the par-
ties had spread before him as evidence to guide him in passing
upon their rights.

It is, however, insisted that in view of the conclusive nature
of the presumption that the written agreement embraced the
entire contract between the parties, the parol evidence,
although received by consent, cannot overcome that presump-
tion. The answer to this position is that the parties may, by
agreement, express or implied, accept oral testimony instead
of the presumption ordinarily arising from written evidence.
They have the right to make a rule of evidence for their own
case, and they are presumed to have done so when testimony,
otherwise incompetent, is received without objection and with-
out any effort to have it stricken from the minutes, or dis-

regarded by the trial court. They may waive the rules established by the courts to govern the admission of evidence, the same as they may waive the rule established by the legislature, that certain contracts must be in writing, and a waiver may be inferred from the failure of the party, for whose benefit the rule was made, to object in due season, or in some way to insist upon compliance with the law. (*Sherman* v. *McKeon,* 38 N. Y. 266–274; *Vose* v. *Cockcroft,* 44 N. Y. 415; *Hilton* v. *Fonda,* 86 N. Y. 339.) The general rule upon the subject was so clearly and comprehensively stated by Judge EARL in a recent case that his remarks, although often quoted in our reports, may properly be repeated here : " Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory and even constitutional rights. They may stipulate for shorter limitations of time for bringing actions for the breach of contracts than are prescribed by the statutes, such limitations being frequently found in insurance policies. They may stipulate that the decision of a court shall be final, and thus waive the right of appeal; and all such stipulations not unreasonable, not against good morals or sound public policy, have been and will be enforced; and generally, all stipulations made by parties for the government of their conduct, or the control of their rights, in the trial of a cause, or the conduct of a litigation, are enforced by the courts." (*In the Matter of the New York, Lackawanna & Western R. R. Co.,* 98 N. Y. 447, 453.) The plaintiff was entitled to the benefit of the rule that evidence of what was said between the parties to a valid instrument in writing, either prior to or at the time of its execution, cannot be received to contradict or vary its terms. (*Thomas* v. *Scutt, supra.*) It was not unreasonable or against good morals or sound public policy that he should waive that rule if he saw fit to do so. We think that by the course pursued upon the trial he is conclusively presumed to have waived it, and that after the trial had closed and the case had been decided against him he could not invoke the

rule in order to secure a reversal of the judgment. (*Sterrett v. First National Bank of Buffalo*, 122 N. Y. 659, 662.)

We find no error in the record before us that justifies the action of the General Term, and its order should, therefore, be reversed, and the judgment entered upon the report of the referee affirmed, with costs.

All concur, except BARTLETT, J., not voting.

Judgment reversed.