BRITTON et al. v. MARKS.

(Supreme Court, Appellate Division, Second Department. May 12, 1905.)

GUARANTY—AMBIGUITY—PAROL EVIDENCE.

    Plaintiff's, who are stockbrokers, demanded more margin from a customer for whom they held certain shares of stock bought by them on her account. Defendant, who knew of the previous and existing relations of the brokers and their customer, subscribed a writing prepared by the plaintiffs, and delivered it to them, which, referring to the customer, recited that, in consideration of plaintiffs carrying her account without further margin from the customer, defendant would guaranty plaintiffs against any loss they might incur thereby, and would respond to plaintiffs' request for funds to cover any deficiency that might exist in her account with plaintiffs. *Held*, that the use of the word "account" made the writing ambiguous, and hence parol evidence was admissible, in an action by plaintiffs to enforce the guaranty, for the purpose of showing that the guaranty was limited to the specific stocks on which the demand for margin was made.

    [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 2129.]

Appeal from Trial Term, Kings County.

Action by Charles P. Britton and another against Harriet L. Marks. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and MILLER, JJ.

D. J. Haynes, for appellant.
J. Orlando Harrisson, for respondents.

JENKS, J. The action is upon a guaranty. The plaintiffs, who are stockholders, demanded more margin from their customer Mrs. Isham, with whom they had been dealing for some time, and for whom they then held certain shares of stock bought by them on her account. The defendant, who then knew of the previous and

present relations of the brokers and this customer, subscribed and delivered to the plaintiffs this writing:

"Referring to the $1,000 which I sent you in October, 1902, I beg to advise you that I have no further interest in the said money, and that Mrs. Juliet C. Isham is the only person to whom you are accountable for the same. I also beg to advise you that for and in consideration of your carrying her account without further margin from her, that I will guarantee you against any loss that you may incur thereby, and will agree to respond to your request for funds to cover any deficiency that may exist in her account with you."

Upon the trial the defendant offered oral testimony with the purpose of showing that the guaranty was limited to the specific stocks which were then held by the plaintiffs for Mrs. Isham. The testimony was excluded under exception, upon the objections that it was incompetent and immaterial, and as tending to vary the terms of a written instrument.

I think that the rulings were fatal to the judgment. If the guaranty was ambiguous, and did not furnish evidence conclusive of its meaning, such evidence was admissible. Evansville Nat. Bank v. Kaufmann, 93 N. Y. 273, 291, 45 Am. Rep. 204; Powers v. Clarke, 127 N. Y. 417, 424, 28 N. E. 402; McShane Co. v. Padian, 142 N. Y. 207, 36 N. E. 880; Brandt on Suretyship & Guaranty (3d Ed.) § 107, and notes. The ambiguity is found in the word "account." Shaw, C. J., in Whitwell v. Willard, 1 Metc. (Mass.) 216, 217, says that "the primary idea of account, computatio, whether we look to the proceedings of courts of law or equity, is some matter of debt and credit, or demands in the nature of debt and credit, between parties." By commercial metonymy, it may describe the business or dealing between parties, which requires the keeping of an account thereof. Vide Cent. Dict., "Account," where it is defined as a course of business dealings or relations requiring the keeping of records. Of this word, it has been said that it has no defined legal meaning; that it has various meanings and shades of meaning, and is used in various ways; that it has a wide and varied signification; that it has no inflexible technical meaning. Rensselaer Glass Factory v. Reid, 5 Cow. 587, 593; Words & Phrases Judicially Defined, "Account," citing many cases; Van Orden v. Tilden, 13 Daly, 396, 397; National Bank v. Purifier Co., 102 Mich. 462, 467, 60 N. W. 981. Under the circumstances, the word might have been used aptly to refer either to the carrying of the specific stocks then held for the customer, or of those stocks together with all stocks which might be purchased for her under her orders so long as the guaranty continued. In National Bank v. Purifier Company, supra, the court say:

"If the word 'account' had an inflexible technical meaning, and that were the one contended for, there would be force in this contention. But it has not."

And after citing the definitions of Webster and Bouvier, the court continued:

"Parol proof is therefore admissible to show in what sense the parties used it, and what they understood to be included within it. To this proof and the surrounding circumstances the court will look to ascertain the intention of the parties, and determine in what sense they use words of flexible meaning."

One of the plaintiffs testifies that he never at any time after the signing of this contract received any permission from the defendant to change these stocks; and it may be that, if the ambiguity had been resolved so that the guaranty was limited in accord with the contention of the defendant, a different result would have been reached. Any ambiguity in this guaranty, in the words of Van Brunt, J., in Cochran v. Kennedy, 10 Daly, 346, "does not lie at the defendant's door," inasmuch as it was prepared by the plaintiffs. We do not now decide that, even if the proper interpretation of the contract is that of the defendant, she thereby is discharged from the liability asserted by the plaintiffs, but we limit our decision to the conclusion that parol evidence was admissible in aid of the interpretation of the guaranty.

The judgment is reversed and a new trial is granted; costs to abide the event. All concur.