### KARPF v. BORGENICHT et al.

(Supreme Court, Appellate Term. January 14, 1910.)

1. EVIDENCE (§ 419*)—PAROL EVIDENCE—CONSIDERATION.
   Parol evidence is admissible to show the real consideration of a written instrument.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1912–1928; Dec. Dig. § 419.*]

2. EVIDENCE (§ 441*)—PAROL EVIDENCE.
   Where vendors agreed in writing to procure extensions of mortgages or a new mortgage by a certain date, and to deposit $1,000 to secure their agreement, it could not be shown that the parties intended a penalty or

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

liquidated damages by evidence that they agreed orally for one or the other.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2030–2047; Dec. Dig. § 441.*]

3. TRIAL (§ 105*)—OBJECTIONS TO EVIDENCE—WAIVER.

By failing to object to evidence of conversations immediately preceding the execution of a written contract, defendants waived their right to object to the consideration of such evidence, and to the presumption that the instrument embodied the precise terms of the agreement.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 260–266; Dec. Dig. § 105.*]

Appeal from City Court of New York, Trial Term.

Action by Max Karpf against Louis Borgenicht and another. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Fromme Bros. (Clarence E. Thornall, of counsel), for appellants.
Jacob Gordon, for respondent.

GOFF, J. Plaintiff's assignors, Wolchok Bros., owners of the premises 203–209 East 100th street, New York City, contracted with defendants for the sale of those premises for $95,000, subject to the lien of "four first mortgages" for $15,000 each, maturing April 1, 1905, and stipulating to "procure an extension of the first mortgage for one year from the time of its maturity at the time of closing title." In the course of attempted performance of this stipulation, they were assured orally by the attorneys for the mortgagees that these liens would not be foreclosed so long as taxes and water rents should be paid, but they were unable to obtain written extensions. The parties met to close title on November 18, 1904, when the following conversation took place, as one of the vendors testified:

"Mr. Fromme (attorney for the vendee) said: 'How is it about the extension of the mortgage?' And I said: 'I will get it for you; make out a paper, and I will sign it.' And he said: 'What, I want $1,000 security cash, and, if not, we cannot close the title. I will put a lis pendens this afternoon yet, and I will put a receiver to-morrow morning.' Then I said: 'Well, take all the money. I will give you an entire deed for nothing.' He said: 'No; don't be afraid of the $1,000. You will get it if we won't have no expense.' By expense I mean if they would not have to raise a new mortgage in the time that the mortgage expired."

Vendors thereupon delivered to defendants a deed of the premises and received from them the amount of the purchase price, less $1,000, together with a paper which has been marked "Defendants' Exhibit 1" and which reads as follows:

"New York, November 18, 1904.

"In the matter of closing title of premises Nos. 203, 205, 207 and 209 East 100th street, borough of Manhattan, city of New York, the sum of one thousand ($1,000) dollars has been retained by the purchasers of said premises as a forfeiture and as stipulated damages should the said Wolchok Bros. neglect

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to obtain an extension covering a period of one year from the expiration of each mortgage of the four mortgages of fifteen thousand ($15,000) dollars each, said extension to be obtained on or before February 1, 1905; and should said extension be obtained on or before said date, the said one thousand ($1,000) dollars to be returned to Wolchok Bros., less such amounts as might have been paid by the purchasers for interest on a certain judgment of two hundred and twenty-nine and $91/100$ dollars, or for any interest or rents not properly accounted for, provided notice is given of any error of rents on or before January 1, 1905. In the event that any of the present mortgagees should refuse to extend the present first mortgage for a period of one year from the date of the expiration of said mortgages, the same may be obtained elsewhere without costs and expense to the purchasers herein, and upon the return of said receipt.          Fromme Brothers, Attorneys for Purchasers."

The vendors failed to obtain any written extension; but the mortgagees have not demanded payment, nor attempted to foreclose. The judgment above mentioned has been paid. Rents and interest have been adjusted. Plaintiff, as assignee of the vendors, has had judgment in his favor in a suit brought by him to recover the sum of $1,000 mentioned in the above agreement. Defendants appeal, contending that the instrument above set forth is a contract to do certain things and to pay $1,000 as liquidated damages for failure to perform—that sum to be compensation for risk of loss in case the extensions should not be procured. Respondent contends that vendors made their deposit to secure damages in the penal sum of $1,000.

The instrument known as "Defendants' Exhibit 1" is more than a mere receipt. Vendors thereby agree to procure extensions of mortgage or a new mortgage by February 1, 1905, and to deposit $1,000 to secure their agreement. As consideration therefor, defendants agree to accept title, although they were under no obligation to do so by reason of vendors' failure to perform their contract. The court may look to the oral evidence to ascertain the real consideration. Wheeler v. Billings, 38 N. Y. 263. As against objection, it may not so examine it to contradict the terms of the instrument; that is, to show that the parties intended a penalty, or that they intended liquidated damages, by evidence that they agreed orally for one or the other. Egleston v. Knickerbacker, 6 Barb. 458; Kellogg v. Richards, 14 Wend. 116. But in the present case defendants made no objection to the evidence of conversations immediately preceding execution of the contract, and made no motion, after the written instrument was introduced in evidence, to strike out the oral testimony. The result is that they have waived their right to object to its consideration, and to the presumption that the written instrument embodied the precise terms of the agreement. In such case parol evidence may be considered, both by the trial court and on appeal. Brady v. Nally, 151 N. Y. 258, 45 N. E. 547.

It is not necessary for us to decide whether or not the instrument, on its face, is a contract for a penalty or for liquidated damages, because the trial court has found on the undisputed facts, after consideration of the testimony as to the parol agreement, that vendors' money was deposited for the purpose of security only, and, on consideration of that testimony, we think the decision to have been clearly right. No damages were proven. Even if the risk of loss from expenses attendant on procuring a new mortgage or inability to obtain a new mort-

gage be considered as an element of damage, there is no evidence of the amount of that loss.

The judgment must be affirmed, with costs.

GIEGERICH, J., concurs.  LEHMAN, J., concurs in result.