(79 Misc. Rep. 31.)

HIRSCH v. LICHTENSTEIN.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

1. TRIAL (§ 165*)—NONSUIT—EVIDENCE.

A nonsuit is proper only when plaintiff's evidence, considered in the most favorable light, fails to show a cause of action.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 373, 374; Dec. Dig. § 165.*]

2. LANDLORD AND TENANT (§ 22*)—BREACH OF LEASE BY TENANT—NONSUIT—EVIDENCE.

Where the evidence in a landlord's action for breach of a lease showed an agreement between the lessor and lessee as to the terms of the lease, and bound defendant to sign a written lease, and also showed defendant's breach, and there was evidence that defendant authorized plaintiff to let the house to some one else, so as to reduce the loss which he expected to sustain from his breach, it was error to grant a nonsuit.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 55–59; Dec. Dig. § 22.*]

3. EVIDENCE (§ 271*)—LETTERS—SELF-SERVING DECLARATIONS.

Where, in a landlord's action for breach of a lease, certain of defendant's letters offered by plaintiff were admissible to show the consummation and terms of the lease, it was improper to exclude as self-serving declarations certain of plaintiff's letters which were necessary to render defendant's letters intelligible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068–1079, 1081–1104; Dec. Dig. § 271.*]

Appeal from City Court of New York, Trial Term.

Action by Charles S. Hirsch against Solomon K. Lichtenstein. From judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Samuel H. Guggenheimer, of New York City (Adam K. Stricker, of New York City, of counsel), for appellant.

Wise & Lichtenstein, of New York City (Arthur S. Friend, of New York City, of counsel), for respondent.

SEABURY, J. This action is brought to recover damages for the breach of an oral agreement alleged to have been made between the parties to this action, whereby the plaintiff agreed to let and the defendant agreed to lease a certain cottage at Elberon, N. J., from May 29, 1912, to July 15, 1912, for the sum of $1,200. The court below dismissed the complaint at the close of plaintiff's case.

—————

[1, 2] In determining whether or not the plaintiff was properly non-suited, the plaintiff is entitled to the most favorable inferences which may be drawn from the facts proved. Kraus v. Birnbaum, 200 N. Y. 130, 93 N. E. 474. The evidence showed that in February, 1912, the plaintiff and defendant had a conversation relative to the renting of the Elberon cottage, which was owned by the plaintiff. The plaintiff told the defendant that the rent would be $1,600, and the defendant said that, as he expected to spend part of the season in Maine, he would not require it for the full season, and asked:

"Suppose if I take it up until July 15th, what would the rent be?"

To this inquiry the plaintiff replied, "$1,200." The defendant said that he would talk the matter over with his wife. A few days later, the defendant called the plaintiff on the telephone, and said that he had spoken to his wife about the cottage, and that they would not want it longer than July 15th; but it would be necessary to make some repairs to the house, and that he wished the plaintiff would arrange with the defendant's wife as to these repairs. On the evening of the same day, the defendant's wife telephoned the plaintiff, and said that the house needed painting on the inside and outside, and that she wanted a carpet put in one of the bedrooms. The plaintiff agreed to comply with all these requests, and the defendant's wife then said:

"All right; then I will tell Sol [defendant] to take the cottage."

On the following morning, the plaintiff had a conversation with the defendant, in which he told him that he had spoken to the defendant's wife, and that "everything is arranged," and the defendant asked him to send the lease to him. In this conversation the plaintiff testified that the defendant said that:

"He would take it until the 15th of July, and the rent was to be $1,200."

The plaintiff sent a written lease to the defendant, which the latter did not return. After some correspondence between the parties, which the court below excluded, the plaintiff had another conversation with the defendant, and inquired about the lease, and the defendant said:

"I have opened it now, and it is all right, and we understand each other, and I will send it to you to-night."

Other correspondence was had on the subject, but the defendant did not sign the lease, but discussed with the plaintiff the possibility of renting the cottage to some one else. The plaintiff told the defendant that, if he desired, he would endeavor to rent it to some one else, but that it was getting late in the season, and that the defendant had better try to rent the cottage himself. In one of the conversations which the defendant had with the plaihtiff, the defendant said:

"You ought to get more for it [than $900], but, if you cannot get over $1,000, rent it to him [a prospective tenant]. I do not want to lose any more than that."

There was other evidence to the same effect, and at the close of the plaintiff's case the learned court below dismissed the complaint, on the ground that the plaintiff had failed to establish a cause of action against the defendant. What more it was necessary for the plaintiff to

prove in order to establish a prima facie case is not clear to us. The agreement which was entered into specified the lessor and lessee, described the property to be leased, stated the term of the lease, fixing the day upon which it was to commence and the day upon which it was to end, and the amount of the rent to be paid. Nothing more than this was required by law in order to establish a cause of action. Not only was the defendant's breach of his contract proved, but there was evidence that the defendant authorized the plaintiff to let the house to some one else, so as to reduce the loss which the defendant expected to sustain by reason of his failure to make the lease which he had agreed to enter into.

[**3**] During the time intervening between the several conversations referred to above between the plaintiff and the defendant, several letters passed between the parties. Some of the letters were written by the plaintiff and some by the defendant, and all of the defendant's letters referred specifically to the letters of the plaintiff, to which they were written in reply. These letters were offered in evidence upon the trial and excluded by the learned court below upon objection being made that they were "self-serving declarations" and "too remote." The letters of the defendant, which the plaintiff offered, could not properly be excluded on the ground that they were self-serving, and as the letters of the defendant would not have been intelligible, unless read in connection with the letters of the plaintiff, in response to which they were written, the whole correspondence should have been received in evidence. The letters of the parties were as admissible as the conversations between the parties, which the court received in evidence. The objection urged by counsel that the letters should be excluded because "too remote" seems to us not to require discussion.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.