GOLDSTEIN et al. v. LEIBOWITZ et al.

(Supreme Court, Appellate Term, First Department.   March 13, 1916.)

1. EVIDENCE ☞450(11)—PAROL EVIDENCE—CONSTRUCTION OF GUARANTY—CONTINUING OBLIGATIONS—"ACCOUNT."

Where defendants signed a guaranty reciting that they would guarantee the account of a partnership for the amount of $50, and if the partnership did not pay defendants would, there was nothing in the guaranty clearly showing that it was to relate to past or to future transactions, the word "account" being a word of flexible meaning, and which might be used to refer either to items of past dealings or to transactions which might subsequently occur; hence it was improper for the court to treat

the guaranty as a continuing guaranty, and exclude parol evidence showing that it was intended to be confined to the account as it then existed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2080, 2081, 2084; Dec. Dig. ⊚⟿450(11).]

2. GUARANTY ⊚⟿38(1)—CONSTRUCTION—FUTURE GUARANTY.

A contract of guaranty will not be interpreted as referring to future transactions, unless the words of the guaranty, in light of the surrounding circumstances, show such an intent.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 47; Dec. Dig. ⊚⟿38(1).]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Henry Goldstein, Morris Goldstein, and Max Moskowitz, copartners trading as H. Goldstein & Bros., against Louis Leibowitz and David J. Leibowitz, copartners trading as L. Leibowitz & Co. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Ernst & Cane, of New York City (Albert A. Raphael, of New York City, of counsel), for appellants.

Samuel L. Zuckerman, of New York City, for respondents.

LEHMAN, J. The defendants on December 30, 1913, signed the following guaranty:

"In consideration of one dollar ($1.00) we, L. Leibowitz & Company, guarantee the account of Leibowitz & Solomon for the amount of fifty dollars; if they will not pay, we will pay for same."

The plaintiffs have recovered a judgment for $50 for goods sold after the making of the guaranty.

[1] At the trial only an issue of law was presented, viz.: Should the guaranty be construed as a continuing guaranty, or should it be restricted to cover only the account as it existed when the guaranty was signed. The trial justice held that the guaranty was unambiguous, and must be interpreted as a continuing guaranty, and he excluded parol testimony to show that the parties intended to confine the guaranty to the account as it then existed. It seems to me that, both upon principle and authority, the trial justice was in error when he excluded this testimony. The guaranty contains no words which state clearly that it refers either to past or to future transactions. Its meaning depends entirely upon the meaning of the word "account." That word is a word of flexible meaning, and might have been used aptly to refer either to the items of past dealings between the parties, or to those items and, in addition, all other items of transactions which might subsequently be had by the parties.

[2] The courts will not interpret a contract of guaranty as referring to the future, unless the words of the guaranty, construed in the light of surrounding circumstances, show such an intent. It follows that the defendants were entitled to show by parol the meaning which the

⊚⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

parties intended should be applied to the word "account." See Britton v. Marks, 105 App. Div. 85, 93 N. Y. Supp. 828.

Judgment should be reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.