### KLATZKY v. HATCH.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

COURTS ☞189(1)—MUNICIPAL COURT—REVIEW—FAILURE TO OBJECT—SUBSTANTIVE LAW.

Where plaintiff without counsel comes into the Municipal Court, and submits his cause, he has a right to rely on it being determined according to the law, and cannot, by failing to object to admission of testimony, be held to waive a rule of substantive law that a written contract cannot be varied and contradicted by a contemporaneous oral agreement.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 413, 458; Dec. Dig. ☞189(1).]

Delehanty, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel Klatzky against Robert Lee Hatch. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Jacob I. Berman, of New York City, for appellant.

Henry O. Kahn, of New York City (Joseph W. Schwartz, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff sued for balance of rent due for the month of October, 1915, under written lease. Under the terms of this lease the defendant was absolutely obligated to pay this rent. At the trial the defendant attempted to show that, prior to or contemporaneously with the making of the written lease, the plaintiff agreed orally to make certain repairs and that the rent should be suspended until the repairs were completed. The plaintiff denied the making of the oral agreement, but did not object to the admission of any evidence upon this issue nor move to strike it out. The trial justice thereupon resolved this issue against the plaintiff and gave judgment for the defendant.

There can be no doubt that the oral contract to suspend the rent varied and even contradicted the written contract, which provided for the absolute payment of rent. There can also be no doubt but that under the law the parties are conclusively presumed to have embodied their actual agreement in the written lease, and no testimony showing a contemporaneous oral agreement can overcome this presumption. The defendant does not seriously dispute these propositions, but urges that the plaintiff had a right to waive the benefit of this presumption, and that he has waived it by failing at the trial to object to the trial justice considering the testimony and passing upon the issue thereby raised. Brady v. Nally, 151 N. Y. 258, 45 N. E. 547. It seems to me that the judgment should not be affirmed on any such ground. The Municipal Court is established primarily for the purpose of dealing with cases involving small amounts of money. The Legislature has attempted to arrange a procedure for the trial of cases which shall be so simple and free from technicalities that a party can appear there and conduct his case in person without jeopardising his rights. In this case the plaintiff appeared and conducted his case without an attorney. It is difficult to lay down any hard and fast rule as to the procedure to be followed at a trial conducted in such manner. Undoubtedly a party can waive any rights quite as effectually in person as by attorney, and undoubtedly a failure to object to testimony by a party conducting a trial in person is at least some evidence of a waiver of the benefit of a rule of law rendering such testimony objectionable. On the other hand, where a party comes into court and without aid of counsel submits his cause to the court, he has a right to rely upon the cause being determined according to the established law, and cannot be held to waive an established rule of substantive law merely by failure to object to the admission of testimony.

Judgment should be reversed, with $20 costs, and judgment awarded to the plaintiff for the sum of $25, with costs.

WEEKS, J., concurs.   DELEHANTY, J., dissents.