ISSAC ANSELWITZ et al., Respondents, *v.* SAMUEL GREEN-STEIN et al., Appellants.

(Supreme Court, Appellate Term, · First Department, February, 1917.)

Guaranty — action upon continuing — evidence — contracts — pleading. Evidence — what is competent — reception of letter in — parol — contracts — verdict — guaranty — appeal — trial.

> While in an action upon a continuing guaranty letters from plaintiffs to defendants, tending to show that prior to the sale of the goods mentioned in the complaint, plaintiffs did not consider the guaranty still in force, might be strongly corroborative of direct proof of a revocation, yet, where no such proof is given, a defense of revocation is properly stricken out.

Supreme Court, Appellate Term, February, 1917. · [Vol. 98.

Where a contract in writing guarantees "the account" of M., "for any merchandise shipped from this day" parol evidence is inadmissible to show that the subject matter of the guaranty was the "account" of M. for goods already "sold" to him but not "shipped" until the guaranty was given.

Where a letter is received in evidence solely upon the issue of the authenticity of a signature, the other side may offer any proof tending to modify or explain or otherwise elucidate facts in relation to the signature.

The letter being properly in evidence for a limited purpose does not make previous or subsequent communications, otherwise irrelevant or incompetent as proof, admissible.

The rule that where evidence has been admitted without or against the objection of the successful party, the unsuccessful party is entitled to have it considered by the trial court, is based on the theory that had the evidence been excluded the party offering it might have proved the facts by other and competent evidence.

Upon the assumption that as matter of law the contract sued on was a continuing guaranty, sufficient until revoked, the court reserved decision on plaintiffs' motion for the direction of a verdict with the understanding and agreement of defendants' counsel that if after a verdict the court was of opinion that a verdict should have been directed on the face of the contract itself, without reference to collateral circumstances, it might not only set aside the verdict but also might direct a verdict for plaintiffs in the full amount demanded.

*Held,* that on appeal from the judgment entered on the directed verdict, defendants were not entitled to invoke the rule last above stated, as they were in no worse or different position than if the parol evidence had been excluded or stricken from the record at the close of the case.

The rule excluding parol testimony of previous negotiations to vary a written instrument is one of substantive law, based on the principle that the instrument expresses the final intent of the parties, and, upon the consideration of plaintiffs' motion for the direction of a verdict, testimony as to previous conversations, improperly received on defendants' claim that it explained and limited the written guaranty, was properly disregarded or treated as if stricken out; even if considered, such testimony would be ineffective to modify the terms of the written guaranty, because immaterial.

APPEAL by defendants from a judgment of the City Court of the city of New York in favor of plaintiffs, entered upon a directed verdict.

Abraham P. Wilkes, for appellants.

Lester B. Freedman (George J. Gruenberg, of counsel), for respondents.

BIJUR, J.  Plaintiffs sued defendants on their alleged liability under an agreement of guarantee dated April 3, 1913, and reading, so far as material: " We hereby guarantee the account of Samuel Marans for any merchandise shipped from this day."  Plaintiffs proved an account of charges against said Marans covering merchandise sold to him up to and including March 19, 1914, and credits as late as May 4, 1914, and showing a net balance due plaintiffs of $1,342.25.

Defendants urge on this appeal: *First,* that the guarantee if construed as a continuing one was revoked by them before the accrual of at least all of the indebtedness sued for.  *Second,* that the guarantee was not an unlimited and continuing one, but related solely to a certain bill of goods which had at the time the guarantee was given been " sold " by plaintiffs to Marans, but which they refused to " ship " unless the payments were guaranteed by defendants, and that that bill of goods had long since been paid by Marans.

In regard to the first defense, namely, of revocation, the learned judge below properly struck it out because of failure of proof.  Defendants offered no direct proof of revocation.  They relied in substance merely upon the fact that in November, 1914, plaintiffs wrote to defendants as follows: " We are herewith enclosing guarantee for Mr. S. Marans, and would ask you to kindly sign same for us.  Upon receipt of same we will return the one we have at present."  Of this and some

similar communications appellants urge in their present brief that they were " undoubtedly sufficient to show that prior to the sale of the goods mentioned in the complaint plaintiffs *did not consider* that the guarantee executed on April 3rd, 1913, was still in force." Such evidence would be strongly corroborative of direct proof of a revocation, but as none was given the defense was properly stricken out.

Plaintiffs' second contention, namely, the interpretation of the guarantee as covering only the payment for a certain bill of goods " sold " to Marans on or about April 3, 1913, requires more extended consideration. At the outset of the trial the learned judge below held that the agreement of guarantee was unambiguous, and that therefore no parol testimony as to prior conversations or negotiations between the parties was competent to vary or explain its terms. Appellants contest the correctness of this ruling. They cite a number of cases in which it has been held that the word " account " is one of flexible meaning, and therefore one which in and of itself suggests an ambiguity. *Britton* v. *Marks,* 105 App. Div. 85; *Goldstein* v. *Leibowitz,* 157 N. Y. Supp. 905. In these and similar cases, however, the element of ambiguity to which the courts had reference was whether the word " account " was meant to cover transactions already then concluded or those running into the future. Any doubt on that score is removed from the instant case by the addition of the words " for merchandise *shipped* from this day." So far, therefore, as any patent ambiguity goes, the language of the instrument upon which the present suit is brought completely dispels any doubt. Appellants contend further, however, that they are entitled to show that under the peculiar circumstances of this case there was what might be termed — though

they do not so designate it — a latent ambiguity in that the subject matter of the guarantee was the " account " of Marans for goods already then " sold " to him but not " shipped " until the guarantee was given. But the weakness of this contention is that all definitions of the word " account," be they narrow or broad, define it substantially as " some matter of *debt and credit,* or demands in the nature of debt and credit, between parties " (Shaw, Ch. J., in *Whitwell* v. *Willard,* 1 Metc. 216); or as in the *Britton* case (where reference is made to a definition in the Century Dictionary): "A course of business dealings or relations *requiring* the keeping of records." None of these definitions would cover a situation such as that sought to be described by defendants here, where all that had transpired was that Marans was desirous of buying, and plaintiffs of selling, a bill of goods, but plaintiffs were unwilling, as defendants call it, to " ship " the goods unless a guarantee were given. There was at that time no " debt and credit " as between the immediate parties. They had had, as to that proposed transaction, no business dealings " requiring the keeping of records " or indeed capable of juridical recognition. In respect of that bill of goods there was no " account " between them. As well might it be said that there was an " account " between any intending purchaser and any intending vendor if the former expressed a desire to purchase an article and the latter a willingness to sell it provided the intending purchaser either paid cash or secured an adequate guarantee.

On the whole, therefore, I am convinced that the agreement of guarantee is entirely free from any kind of ambiguity, and that the trial judge properly ruled that it might be neither varied nor explained by parol testimony.

As the trial proceeded defendants sought, in the man-

ner which I have first hereinabove indicated, to establish their defense of revocation, and plaintiffs' counsel, on cross-examination of one of defendants, inquired as to the authenticity of the signature to a certain letter. In connection with that inquiry, he interrogated the witness concerning the signature on another letter which he thereupon put in evidence. This letter, addressed to the plaintiffs and signed in the name of defendants, read:

> *"April 3rd,* 1913.
>
> "As per your request, we are herewith enclosing you guarantee. Trusting that same will meet with your entire satisfaction, we beg to remain
>
> " Very truly yours,
>
> " S. GREENSTEIN & SONS."

The trial judge was then of opinion that by putting this letter in evidence plaintiffs' counsel had, as he expressed it, " opened the door wide open *  *  * and the whole record will now be received, and [addressing defendants' counsel] you may go right back to the beginning, and all the Court's previous rulings in regard to the testimony you proffered are reversed." Thereupon defendants were permitted to prove the conversations which had preceded the giving of the guarantee, to which testimony plaintiffs' counsel duly objected.

It is quite evident that the learned judge erred for the moment in holding that the introduction into evidence by plaintiffs' counsel of the letter of April 3, 1913, " opened the door " to defendants' proofs of the kind admitted. The letter was introduced solely in relation to the issue of the authenticity of a signature. Of course its introduction permitted the defendants to offer any proof tending to modify, or explain, or otherwise elucidate facts in relation to the signature. The

letter "was properly in the case for the limited purpose." *Deutschmann* v. *Third Ave. R. R. Co.*, 87 App. Div. 503, 509. It was not introduced as a communication and, therefore, did not render material previous or subsequent communications which were otherwise irrelevant to the issues or incompetent as proof. *Rouse* v. *Whited*, 25 N. Y. 170.

"Where letters of defendant offered by plaintiff *would not be intelligible* unless read in connection with letters of plaintiff in response to which defendant's letters were written, the whole correspondence is admissible." *Hirsch* v. *Lichtenstein*, 79 Misc. Rep. 31. No such situation was presented in the instant case.

However that may be, the evidence was admitted and defendants now appeal to the rule enunciated in *Flora* v. *Carbean*, 38 N. Y. 111, to the effect that where evidence has been admitted either without objection or over the objection of the successful party, the unsuccessful party is entitled to have it considered by the trial court in arriving at its conclusions. This doctrine is based upon the theory that had the evidence been excluded the party offering it might have proved the facts by other and competent evidence; and that having succeeded in securing its admission he is entitled to the benefit thereof in the determination of the court on the issues thus presented. This appeal by defendants to the *Flora* case results from the course taken by the trial judge. At the conclusion of all the evidence, he determined to submit to the jury the question of the intent of the parties as interpreting the agreement of guarantee upon the whole record as made but with the following reservation assented to by both counsel: "I will reserve decision on plaintiff's motion for the direction of a verdict, which of course is based

Supreme Court, Appellate Term, February, 1917. [Vol. 98.

on the assumption that as a matter of law the instrument of April 3d is a continuing guaranty, sufficient *within its four corners* to continue until revoked. I will reserve decision on that motion made on that basis with the understanding and agreement on the part of the defendants' counsel, that if after the verdict of the jury the court is of the opinion that a verdict should have been directed *on the face of the instrument itself without reference to collateral circumstances,* I may then not only set aside the verdict of the jury, but also direct a verdict for the plaintiffs, etc.'' This, of course, was after plaintiffs had moved for the direction of a verdict.

After the jury had rendered a verdict in favor of defendants, the court set aside the verdict and directed a verdict in favor of plaintiffs for the full amount demanded in the complaint. It is manifest from this statement of the court, to which both counsel expressly assented, that defendants' counsel agreed that the court might decide the question of the integrity of the guarantee without regard to the parol testimony that had been admitted on defendants' insistence; and that, therefore, upon this appeal he is not entitled to invoke the rule of the *Flora* case because so far as the motion for the direction of a verdict is concerned he is in no worse or different position than if the parol testimony had been excluded or had been (as plaintiffs' counsel moved) stricken from the record at the close of the case.

But there is another determining consideration against defendants' success in this respect on this appeal. It scarcely needs citation of authority for the proposition that even if the immaterial or incompetent testimony thus admitted were to be considered, it is entitled to no more weight than its intrinsic worth warrants. The rule in the *Flora* case has been thus

expressly interpreted in *Sharpe* v. *Freeman,* 45 N. Y. 802, 808. See, also, *Winne* v. *Hills,* 91 Hun, 89, 92. Now the rule excluding parol testimony and particularly testimony of previous negotiations to vary a written instrument is one not of evidence but of substantive law based on the principle that the instrument expresses the final intent of the parties. It must be remembered that we are discussing now not an action for the reformation of an instrument because of mutual mistake or similar ground, but an action based upon the instrument itself as it stands. In *Wallach* v. *Riverside Bank,* 206 N. Y. 434, 439, the court, writing by Judge Vann, referring to a request to find that the plaintiff had been told by the defendant (and that he therefore knew) that the latter could not give a clear title as called for in his agreement, says: "Assuming, without holding, that there was sufficient uncontradicted evidence to warrant these findings, the written agreement could not be cut down or limited by such facts. *Whatever was said before the instrument was signed being merged therein became wholly immaterial,* and it is not an error of law to refuse to find an immaterial fact even upon uncontradicted evidence."

The same view is expressed, with greater elaboration in *Stanton* v. *Granger,* 125 App. Div. 174, 177; affd., 193 N. Y. 656, citing also Wigmore on Evidence, § 2400. See, also, *Piretti* v. *Firestone T. & R. Co.,* 120 N. Y. Supp. 782, 785. It is true that a contrary doctrine seems to have been adopted in two cases cited by the appellants: *Brady* v. *Nally,* 151 N. Y. 258, 264 (in which the opinion also is written by Judge Vann), and *Karpf* v. *Borgenicht,* 65 Misc. Rep. 592. As to the latter case, however, the agreement in question referred to a certain sum of money as "a forfeiture *and* as stipulated damages." It is quite apparent that this presented a case of a patent ambiguity which demanded

explanation.  In *Brady* v. *Nally, supra,* elaborate stress is laid upon the fact that the parol testimony was admitted without objection of the plaintiff to whom it was adverse.  Of this the court says: " He could not expect the court, of its own motion, to refuse to consider testimony which he did not see fit to object to when it was received and which he allowed to remain as evidence, without protest or question   *   *   *.  He impliedly consented that it should be considered and acted upon by the referee, who, indeed, had no right to refuse consideration to anything that the parties had spread before him as evidence to guide him in passing upon their rights."

In substance the situation was shown to be parallel to one in which by the parties' consent (as well as without it in some cases) an agreement may first be reformed and then enforced in the same action.  *Maher* v. *Hibernia Ins. Co.,* 67 N. Y. 290, 292.  In any event, and whatever the interpretation of the *Brady* case, the recent authority of the *Wallach* case, followed by numerous other decisions, and the approved views of Mr. Wigmore, seems to definitely settle the immateriality of parol testimony of prior negotiations to the issue of the meaning of a subsequent written instrument.

It follows, therefore, that the testimony of conversations which defendants claim explained and limited the written guarantee was improperly admitted into evidence; that having been admitted it was properly disregarded or treated as if stricken out, with defendants' assent, in considering plaintiffs' motion for the direction of a verdict, and finally that even if considered it would be ineffective (because immaterial) to modify the terms of the subsequent writing.

Guy and Mullan, JJ., concur.

Judgment affirmed, with costs.