Martin J. Bamman, Appellant, *v.* Frank Erickson, Respondent.

Second Department, November 3, 1941.

*William T. Gallagher* [*William D. Cunningham* with him on the brief], for the appellant.

*Solomon Goodman,* for the respondent.

Lazansky, P. J., Hagarty and Carswell, JJ., concur; Taylor, J., in opinion, dissents and votes to reverse the judgment, to direct judgment in favor of the plaintiff against the defendant for the amount of plaintiff's damages to be ascertained upon a new trial, and for such new trial of the action for that limited purpose; Close, J., in memorandum, concurs with Taylor, J.

Taylor, J. (dissenting). I dissent and vote to reverse the judgment, to direct judgment in favor of the plaintiff against the defendant for the amount of plaintiff's damages to be ascertained upon a new trial, and for such new trial of the action for that limited purpose.

As indicated in their determination for affirmance, my learned colleagues of the majority are of opinion that the authorities by them cited (*Watts* v. *Malatesta* and *Dupper* v. *Rogan, supra*) warrant such affirmance. I respectfully differ with them as to the effect of those cases. The action is for money had and received and is brought to enforce the right accorded under the Penal Law, section 994, which reads:

" § 994. Property staked may be recovered. Any person who shall pay, deliver or deposit any money, property or thing in action, upon the event of any wager or bet prohibited, may sue for and recover the same of the winner or person to whom the same shall be paid or delivered, * * * whether any such wager be lost or not."

Plaintiff, assignee of one Austin for the benefit of the latter's former partners and others from whom the assignor had obtained money by false pretenses and other criminal means, sued for money paid by the assignor to the defendant, a bookmaker, as wagers on horse races. At Trial Term the plaintiff did not move for a direction of a verdict in his favor. The court, however, charged the jury, without exception, that during the period covered by the complaint, bookmaking, under section 986 of the Penal Law, was prohibited by law and was unlawful, that bets or wagers so made were unlawful and void under sections 991 and 992 of the Penal Law, and that plaintiff's assignor never parted with title to the money he wagered. That instruction not only became the law of this case (*Sciolaro* v. *Asch*, 198 N. Y. 77, 81), but correctly stated the settled rule of law on the subject. (*People* v. *Stedeker*, 175 N. Y. 57, 62.) The court charged the jury later that if plaintiff's assignor was not a casual bettor plaintiff could not recover; and plaintiff excepted. The jury returned a verdict for the defendant. Implicit therein was a finding that plaintiff's assignor was not a casual bettor. In view of the law of the case as thus made by the parties, that part of the charge relating to the status of plaintiff's assignor and the finding with respect thereto were immaterial and superfluous. It is well settled that parties may make the law or the procedure for any action, and same, when made, is binding upon them and must be enforced by the courts. (*Brady* v. *Nally*, 151 N. Y. 258, 265.) A controversy put out of the case by the parties may not be put into it by the courts. (*Martin* v. *Herzog*, 228 N. Y. 164, 167.) The case of *Dupper* v. *Rogan* (*supra*), which follows *Watts* v. *Malatesta* (*supra*), is without application here, for the point of decision as suggested by me in this case, as above, was not considered or passed upon in either of those cases. (*Fetterman* v. *Title Guarantee & Trust Co.*, 254 App. Div. 704.) Further, it is evident that the ruling in the case of *Dupper* v. *Rogan* (*supra*) is founded upon that in the case of *Watts* v. *Malatesta* (*supra*) and, as I assert with respect, upon clear dictum in the prevailing opinion in the latter case. Section 994 of the Penal Law, quoted *supra*, gives the right to recover from a person in the category of defendant to "*Any person* who shall pay, deliver or deposit any money, property or thing in action, upon the event of any wager or bet pro-

hibited, \* \* \*." (Italics mine.) Neither by necessary, or any, implication, is this right conferred only upon a " casual " bettor. The statute does not thus limit the right to recover; although under familiar law, in the light of which the statute must be read, recovery by " any person " (Penal Law, § 994) whose criminal act is the basis of his asserted cause of action may not be had. (Cf. *Watts* v. *Malatesta, supra,* pp. 82, 83, citing *Riggs* v. *Palmer,* 115 N. Y. 506, and *Murray* v. *Interurban Street Railway Co.,* 118 App. Div. 35.) Any notion of such criminality on the part of the assignor is negatived by the fact that the statute confers upon him a cause of action. My considered view, which I assert with like respect, is that the majority opinion in *Watts* v. *Malatesta (supra)* contains *obiter dictum* when it suggests that the right of recovery under section 994 is limited to a " casual " bettor. If the Legislature had intended so to limit the right of action conferred, language was available for that purpose. It was not used. The indicated qualification or limitation of the term " any person " seems to me to be in the nature of judicial legislation. If that limitation or qualification is *obiter dictum,* under familiar principles, it should not be regarded as authoritative. (*Colonial City T. Co.* v. *Kingston R. R. Co.,* 154 N. Y. 493, 495.) In my opinion, the plaintiff, on this record, is entitled to recover as matter of law. Only the amount which he shall be awarded is in issue.

CLOSE, J. (dissenting). I concur in the reasoning of Mr. Justice TAYLOR, and in addition I am of the opinion that the plaintiff was entitled, as a matter of law, under the undisputed facts in this case, to have the court charge that Austin was a casual bettor. Its refusal so to charge constitutes reversible error, as did the charge, to which exception was taken, that if the jury found that Austin was not a casual bettor the plaintiff could not recover. *Watts* v. *Malatesta (supra)* holds nothing to the contrary, and *Dupper* v. *Rogan (supra)* is necessarily distinguishable for the reason that the point was not saved.